David Joseph RAWLS, Appellant,

v.

UNITED STATES of America,
Appellee.

No. 20983.

United States Court of Appeals
Fifth Circuit.

April 14, 1964.

David Joseph Rawls, Springfield, Mo.,
for appellant.

Edward L. Shaheen, U. S. Atty.,
Charles E. Welch, Asst. U. S. Atty.,
Shreveport, La., for appellee.

Before HUTCHESON and BROWN,
Circuit Judges, and CHRISTENBERRY,
District Judge.

PER CURIAM.

This is an appeal from the denial
of appellant's motions to correct sentence
pursuant to 28 U.S.C.A. § 2255, or, in the
alternative, to permit withdrawal of his
plea of guilty pursuant to Rule 32(d)
Federal Rules Criminal Procedure. Appellant claims four grounds for reversal.
One, his alleged insanity at the time of
his original trial, was not submitted to
the district court in the proceeding here
appealed from and will not be considered
by this court. The remaining three
grounds are closely related and concern
the validity of appellant's waiver of coun-

sel and plea of guilty.[1] Appellant asserts that: (1) the district court accepted his waiver of counsel and plea of guilty after informing him that he might receive a maximum of five years as an adult violator of the Dyer Act but without informing him that he might also be sentenced as a youthful offender to a total of six years under supervision, 18 U.S.C.A. §§ 5010(b), 5017(c); (2) the trial judge, while sentencing appellant under the Youthful Offenders Act, informed appellant that he would not go to jail or to the penitentiary while the Youthful Offenders Act, 18 U.S.C.A. §§ 5011, 5013, permits treatment under the custody of any public or private agency including maximum security institutions; and (3) appellant has never been "released conditionally under supervision on or before the expiration of four years from the date of his conviction, and he has been denied said conditional release under supervision because of a certification made in January or February of 1961. This in itself renders appellant's plea of guilty involuntary." By this assertion appar-

ently the appellant is contending that the trial judge, after accepting his waiver of counsel and plea of guilty, sentenced him under the Youthful Offenders Act, but failed to inform him that, although Sec. 5010(b) of the Act provides for maximum detention for a period of four years, to be followed by two years on parole, there was a possibility that appellant would become insane, as he did, thus requiring that he be committed for mental care rather than being released under supervision at the expiration of four years. Appellant argues that, without knowledge of these matters concerning the possible range of his sentence, his waiver of counsel and his plea of guilty were invalid.

■ Appellant's contention that the trial judge erred in failing to inform him of the possible six year sentence under the Youthful Offenders Act has been determined against him by a prior decision of this court dealing with identical facts, Cunningham v. United States, 256 F.2d 467 (5th Cir. 1958).[2] It suffices to say

1. Appellant was brought before the United States District Court for the Western District of Louisiana on Jan. 16, 1959. He was advised of his right to counsel and indictment by the grand jury. He waived both rights. The court was informed that appellant was in court on a one count information charging violation of the Dyer Act. The following then occurred:

"THE COURT: What is the maximum penalty?
"UNITED STATES ATTORNEY: Five years and/or $5000 or both.
"THE COURT: Do you understand that?
"DEFENDANT: Yes, Sir."

[Defendant then waived venue and the bill of information was read to him.]

"THE COURT: Do you understand the charge clearly?
"DEFENDANT: Yes, Sir.
"THE COURT: How do you plead?
"THE DEFENDANT: Guilty."

[The district judge then assured himself that the defendant had not pleaded guilty as a result of threats or promises, entered the plea, and postponed sentencing until he had received and studied a pre-sentencing report.]

The following proceedings were had Feb. 2, 1959.

"THE COURT: Are you still willing to go ahead without a lawyer?
"DEFENDANT: Yes, Sir.
"THE COURT: Do you want to make any statement to the Court before we act upon your case?
"DEFENDANT: No, Sir.
"THE COURT: Yours is equally as unfortunate a background as was the case ahead of you, except you are six or seven years older. You know what your record is. I am not going to review it in detail. You have been in a lot of trouble since you were 12 or 13 years old. Rather than send you to the penitentiary, which I would be certainly justified in doing, I am going to declare you a young adult offender under Title 18 U.S.C. Sec. 4209, and commit you for treatment and diagnosis for an indeterminate period under Sec. 5010-b of that Title. That means you will not go to a jail or penitentiary but will be given the advantage of psychiatric treatment. You will also be permitted to be trained in a trade or occupation. * * * "

2. *Contra.* Pilkington v. United States, 315 F.2d 204 (4th Cir. 1963).

that here, as in the Cunningham case, a defendant was informed of a lesser sentence as an adult offender, he pleaded guilty, then after being "carefully advised by the court of the existence and benefits of the Youth Corrections Act and his opportunity to receive its benefits by being committed as a youthful offender 'in lieu of the penalty of imprisonment otherwise provided by law', defendant did not object [to a sentence under that act] but tacitly assented thereto. Cunningham v. United States, 256 F.2d 467, 472 (5th Cir. 1958). It is even easier to find tacit assent in this case than in Cunningham since appellant here was sentenced to an indeterminate sentence under the Youthful Offenders Act while the defendant in Cunningham was given no indication of the length of his sentence as a youthful offender.

■ Failure to inform appellant of the custody possibilities under 18 U.S.C.A. §§ 5011, 5013, if error, did not affect appellant's substantial rights. Rule 52 (a), Fed.Rules Criminal Procedure. The only harm appellant attributes to this "error" is that it lulled him into thinking that he had been placed on probation and, therefore, it was not necessary to appeal, and the implied contrary that if he had known the truth he would not have waived counsel and pleaded guilty. The language used in sentencing was sufficiently clear to inform the defendant that he was being committed to an institution and not being placed on probation.

■ There was no error in the trial judge's failure to inform the defendant that he might serve a full six years in an institution in spite of the apparently mandatory conditional release provisions of the Youthful Offenders Act. In the absence of some indication that a defendant might subsequently be adjudged insane under 18 U.S.C.A. § 4241, the district judge is not required during sentencing to inform a defendant that he might be committed to an appropriate mental institution for the remainder of his sentence without deduction for commutation. The claim that information as to this contingency is required be-

fore a defendant may enter a valid waiver of counsel and plead guilty is not a matter of substance.

The order of the district court was correct. It is

Affirmed.