**Wayne Gilbert MARVEL, Appellant,**

v.

**UNITED STATES of America,
Appellee.**

**No. 21417.**

United States Court of Appeals
Fifth Circuit.

July 13, 1964.

Rehearing Denied Aug. 5, 1964.

102

Rives, Circuit Judge, dissented.

Wayne Gilbert Marvel, pro se.

Ben Hardeman, U. S. Atty., Montgomery, Ala., J. O. Sentell, Asst. U. S. Atty., for appellee.

Before HUTCHESON and RIVES, Circuit Judges, and GROOMS, District Judge.

PER CURIAM:

Upon his plea of guilty of violating Section 2312, Title 18, U.S.C.A., appellant, Wayne Gilbert Marvel, was sentenced on July 20, 1959, for an indefinite term under the provisions of Section 5010(b), Title 18, U.S.C.A., of the Youth Corrections Act. He appeals in *forma pauperis* from an order of February 6,

1964, overruling his motion filed on January 30, 1964, under Section 2255, Title 28, U.S.C.A. to vacate and set aside the sentence. An order was entered on December 31, 1963, denying a like motion filed on December 30, 1963. The latter order recited that "this motion as now presented is 'a second or successive motion for similar relief' on behalf of Marvel * * * and denied by order made and entered in Criminal Case 2084–E on November 2, 1961."

Appellant contends that in view of the fact that his imprisonment under Section 2312 cannot exceed five years but may extend to six years under the Youth Corrections Act his sentence should be vacated and corrected [1] since he was not advised before sentence was imposed that under the latter Act he could be required to serve as much as six years, and that a failure to so advise him constituted a violation of Rule 11, Federal Rules of Criminal Procedure. This rule forbids a judge to accept a plea "without first determining that the plea is made voluntarily with understanding of the nature of the charge." [2] Appellant's contention was ruled adverse to him by this Court in Cunningham v. United States, 5 Cir., 256 F.2d 467.[3] We find nothing in Jones v. Cunningham, 371 U.S. 236, 83 S.Ct. 373, 9 L.Ed.2d 285, that militates against that ruling.

We have chosen to place our affirmance upon the merits of the motion; accordingly, we pretermit a ruling upon the action of the Court in declining to entertain the second and successive motions for similar relief. The Court did not err in denying the motion; and its action is

Affirmed.

1. Appellant urges for the first time on appeal that he should be permitted to withdraw his plea of guilty. In his motions he admits committing the crime for which he was charged.

2. In Smith v. United States, 116 U.S.App. D.C. 404, 324 F.2d 436, 439, the Court said:

"Obviously this is to assure that the accused be not misled as to the nature of the offense with which he stands charged. There is no requirement that the accused be told what sentence will be imposed."

3. To like effect Carter v. United States, 113 U.S.App.D.C. 123, 306 F.2d 283. Contra, Pilkington v. United States, 4 Cir., 315 F.2d 204.

RIVES, Circuit Judge (dissenting):

Rule 11, Fed.R.Crim.P., is mandatory to the effect that the court shall not accept a plea of guilty "without first determining that the plea is made voluntarily with understanding of the nature of the charge." That provision is simply a restatement of the existing rule as stated in Kercheval v. United States, 1927, 274 U.S. 220, 223, 47 S.Ct. 582, 71 L.Ed. 1009. "Out of just consideration for persons accused of crime, courts are careful that a plea of guilty shall not be accepted unless made voluntarily after proper advice and with full understanding of the consequences." 274 U.S. at 223, 47 S.Ct. at 583. Accord, Von Moltke v. Gillies, 1948, 332 U.S. 708, 719, 724, 68 S.Ct. 316, 92 L.Ed. 309.

It appears without dispute that before the appellant's plea of guilty was accepted he was told that he could be fined not more than $5,000.00 and imprisoned for not more than five years or both, the maximum punishment provided for the crime charged—transportation of a stolen vehicle—18 U.S.C.A. § 2312, but that he did not understand and was not informed that he could be deprived of his liberty for six years under the Federal Youth Corrections Act, as provided in 18 U.S.C.A. §§ 5010, 5017.

Upon his plea of guilty, the district court on July 20, 1959 sentenced the defendant "for a period of indefinite time under the provisions of section 5010(b), Title 18, U.S.C., Federal Youth Corrections Act." With no allowance for good conduct or otherwise, he will this month have been confined for the full period of five years.

The argument that appellant's confinement under the Youth Corrections Act is for the purpose of rehabilitation rather than punishment is no answer to the hard fact that he is being deprived of his liberty for a longer period than he was informed or understood at the time his plea of guilty was entered. See Jones v. Cunningham, 1963, 371 U.S. 236, 242, 243, 83 S.Ct. 373, 9 L.Ed.2d 285; Pilkington v. United States, 4 Cir., 1963, 315 F.2d 204, 209; dissenting opinion in Cunningham v. United States, 5 Cir. 1958, 256 F.2d 467, 473, 474.

I would hold that appellant has been deprived of his liberty for the maximum time that he understood or was informed at the time his plea of guilty was accepted and that he is now entitled to be discharged.

I therefore respectfully dissent.

Rehearing denied; RIVES, J., dissenting.