Scott Stewart **WORKMAN**, Petitioner,
Appellant,

v.

**UNITED STATES of America,**
**Respondent, Appellee.**

No. 6330.

United States Court of Appeals
First Circuit.

Oct. 15, 1964.

James R. Flaker, Portland, Me., by appointment of the Court, with whom Linnell, Perkins, Thompson, Hinckley & Thaxter, Portland, Me., was on brief, for appellant.

David G. Roberts, Asst. U. S. Atty., with whom Alton A. Lessard, U. S. Atty., was on brief, for appellee.

Before WOODBURY, Chief Judge, and HARTIGAN and ALDRICH, Circuit Judges.

ALDRICH, Circuit Judge.

We decide this case on a very narrow issue. Defendant in 1958, when 20 years of age, having waived indictment and appointment of counsel, was charged in a one-count information with violation of the Dyer Act, 18 U.S.C. § 2312 (1958). He then indicated a willingness to plead guilty. Before taking his plea the court conducted a painstaking interrogation in order to be sure that the defendant's action was voluntary and made with a full understanding. In the course of this it informed the defendant of the seriousness of the charge and that it could entail a five-year sentence. The court then accepted the plea. Thereafter it sentenced the defendant under a section of

the Federal Youth Corrections Act, 18 U. S.C. § 5010(b). This meant, in effect, although the matter was not referred to at the time, an indeterminate sentence of up to six years. Id. § 5017(c). We have no doubt that the court acted in entire good faith, believing that since the defendant would have to be conditionally released in not more than four years, and could be unconditionally released at any time, this was a lighter disposition than a straight five-year sentence. However, such did not turn out to be so, because when subsequently provisionally released defendant shortly violated his parole, and he is now serving the last months of the six-year sentence. He moves, under 28 U.S.C. § 2255, for a number of reasons, most of which we do not reach, that this sentence be vacated.

 The district court conducted a full hearing on defendant's motion. We agree that the evidence at the least warranted the court's finding that the defendant would have pleaded guilty even if he had been told that six years, rather than five, was the maximum sentence, and that, in this sense, the plea was not involuntary as induced by a misunderstanding. The court's regarding this finding as precluding defendant's right to withdraw his plea was perhaps induced by the opinion in Pilkington v. United States, 4 Cir., 1963, 315 F.2d 204. However, we think the issue here lies deeper. Quite apart from any question of inducement, if a court informs a defendant prior to accepting his plea that five years is the maximum sentence, we think this must in fact be the maximum. We do not hold that the court could not impose a commitment under the Youth Corrections Act simply because it had not mentioned it, cf. In re Lee's Petition, D.C. E.D.N.Y., 1964, 232 F.Supp. 415. All we say is that incarceration beyond a five-year date was impermissible under the circumstances.

The motion should have been allowed. Only three months remain of the defendant's six-year sentence. While further proceedings are theoretically possible, we believe that in fairness this defendant should now be discharged from further custody.

Judgment will be entered vacating the order of the District Court and remanding the case to that Court for further proceedings consistent with this opinion.