Alvin Dale DOSHIER, Petitioner,

v.

UNITED STATES of America,
Respondent.

James Franklin MORRIS, Jr., Petitioner,

v.

UNITED STATES of America,
Respondent.

Nos. WC6438, EC6470.

United States District Court
N. D. Mississippi.

Dec. 16, 1964.

H. M. Ray, U. S. Atty., Oxford, Miss.,
for the United States.

No appearance for petitioners.

CLAYTON, District Judge.

Petitioners have each filed motions under 28 U.S.C. § 2255 to vacate sentences imposed upon them by this court. Because of the similarity of the two cases and the fact that each one raises the same legal issue, they will be considered together.

Petitioner Doshier pled guilty to a one count indictment charging him with violation of 18 U.S.C. § 2312, and he was sentenced to the custody of the Attorney General for treatment and supervision pursuant to the Federal Youth Corrections Act, 18 U.S.C. § 5010(b), until discharged under 18 U.S.C. § 5017(c). Petitioner Morris entered the same plea to an indictment charging the same offense, and an identical sentence was imposed. A distinction as to the effect of those sentences does exist, however, in that petitioner Doshier was eighteen years old when he was sentenced in 1959, and under the law applicable to persons of his age category, he was committed for a period not to exceed four years with supervision to follow for two years. Petitioner Morris, who was twenty-two years old when he was sentenced in 1961, was subject to the provisions of the Youth Corrections Act as a young adult offender. The effect of his sentence was to commit him for an indeterminate period of sixty days to six years. This distinction is not material to the decision of these cases and each petitioner may be regarded as being subject to federal correctional control for a possible six years, for the purposes of this opinion.

The substance of each petitioner's argument for vacation of sentence is that the maximum sentence provided for violation of 18 U.S.C. § 2312 is five years imprisonment or $5,000 fine, or both; that the possibility of longer terms of imprisonment under the Youth Corrections Act was unknown to them when they entered their pleas of guilty; that the court did not explain this possibility prior to accepting their pleas, so that they were misled in so pleading; and that these circumstances make their sentences illegal

and open to collateral attack under 28 U.S.C. § 2255.

In a similar case, the Court of Appeals for the Fourth Circuit held that petitioner's allegations that the court advised him prior to accepting his plea that the maximum penalty for the offense charged would be five years imprisonment, that his plea was accepted, and that sentence under the Youth Corrections Act was later imposed, subjecting him to a potential maximum sentence of six years confinement, were sufficient to require a hearing, since enough had been shown to create a doubt concerning the voluntariness of the guilty plea. Pilkington v. United States, 315 F.2d 204, 207 (4th Cir.1963). The Court of Appeals for the Fifth Circuit has several times rejected the holding of the Pilkington case.

In Cunningham v. United States, 256 F.2d 467 (5th Cir. 1958), petitioner pled guilty to an information charging a misdemeanor punishable by a maximum confinement of one year. The court learned for the first time, after accepting the guilty plea, that the petitioner was subject to the Youth Corrections Act as a young adult offender and imposed sentence under the Act. Affirming the district court's denial of a motion under 28 U.S.C. § 2255, the Court of Appeals upheld the constitutionality of the Act as applied to misdemeanants, over the dissent of Judge Rives. While the specific issue of the voluntary character of the guilty plea was not discussed, the circumstances of the arraignment and sentencing were set forth in detail, and the procedure may be regarded as having been approved *sub silentio*.

A later case, Rawls v. United States, 330 F.2d 777 (5th Cir.1964), with similar facts (including advice to the defendant in open court prior to acceptance of his plea that the maximum penalty as an adult was five years imprisonment), noted that the Pilkington case was contra and affirmed a denial of a motion to vacate sentence with this language:

Appellant's contention that the trial judge erred in failing to inform him of the possible six year sentence under the Youthful Offenders Act has been determined against him by a prior decision of this court dealing with identical facts, Cunningham v. United States, 256 F.2d 467 (5th Cir. 1958). It suffices to say that here, as in the Cunningham case, a defendant was informed of a lesser sentence as an adult offender, he pleaded guilty, then after being "carefully advised by the court of the existence and benefits of the Youth Corrections Act and his opportunity to receive its benefits by being committed as a youthful offender 'in lieu of the penalty of imprisonment otherwise provided by law'; defendant did not object [to a sentence under that act] but tacitly assented thereto." Cunningham v. United States, 256 F.2d 467, 472 (5th Cir. 1958).

The specific issue of the voluntariness of the plea of guilty was expressly dealt with in Marvel v. United States, 335 F.2d 101 (5th Cir.1964), where, under similar facts, petitioner contended that the trial court erred in failing to advise him of the longer sentence possibilities under the Act, in that the court thereby violated Rule 11, Federal Rules of Criminal Procedure. The court said:

This rule forbids a judge to accept a plea "without first determining that the plea is made voluntarily with understanding of the nature of the charge." Appellant's contention was ruled adverse to him by this Court in Cunningham v. United States.

These cases must be regarded as settling this issue in this circuit. On examination of the transcripts of the arraignments of the petitioners here, it is apparent that prior to accepting the pleas of guilty, the court carefully inquired to determine that the petitioners understood the charges and the nature of their pleas, that they had not been threatened or promised anything to induce their pleas, and that the pleas were entered voluntarily and with understanding. This court therefore finds that the

motions and files and records of the cases conclusively show that the prisoners are entitled to no relief. Hence, the motions to vacate must be overruled without hearings.

A separate order will be entered in each case in accordance with this opinion.