494

Mark John BEUFVE, Petitioner,

v.

UNITED STATES of America,
Respondent.

Civ. A. No. 1052.

United States District Court
N. D. Florida,
Tallahassee Division.

Feb. 8, 1965.

Mark John Beufve, pro se.

Clinton N. Ashmore, U. S. Atty., Tallahassee, Fla., for respondent.

CARSWELL, Chief Judge.

Petitioner contends that a plea of guilty entered November 26, 1962 on a Dyer Act charge (18 U.S.C. § 2312) should be set aside under the authority of Pilkington v. United States, 315 F.2d 204 (4th Cir.1963), and relying upon the dissenting opinion of Judge Rives of this Circuit in Cunningham v. United States, 256 F.2d 467 (5th Cir.1958).

The petition itself and the record here show that petitioner was represented by counsel appointed by the Court upon his request and that he was duly and properly informed of all of his Constitutional rights prior to the entry of his plea of guilty. Prior to the entry of the plea he was told, according to his petition, that he could receive a maximum of 5 years imprisonment and/or $5,000 fine, which is the statutory penalty for violation of the Dyer Act. His petition avers, however, that he was not informed that the Court might sentence him under the provisions of the Federal Youth Corrections Act for an indeterminate sentence not to exceed 4 years confinement plus 2 years parole supervision. Since 4 plus 2 equals 6, the argument goes, his sentence was illegally imposed, the Court being limited to 5 years.

This is the identical situation presented in Pilkington, supra, and also presented to this Court in McCullough v. United States, 231 F.Supp. 740 (1964). In McCullough this Court noted the strong dissent of Judge Rives in the Cunningham case of 1958, and concluded that Pilkington correctly stated the law. When the United States conceded the basic facts McCullough's sentence was set aside by this Court and he was granted opportunity for a new trial.

Since this Court's opinion in McCullough, dated July 7, 1964, the Fifth Circuit the following week rendered its opinion in Marvel v. United States, 335 F.2d 101 (1964), which makes it clear that this Circuit does not follow the teachings of Pilkington. The Fifth Circuit there said:

"Appellant's contention was ruled adverse to him by this Court in Cunningham v. United States * *."

"We find nothing in Jones v. Cunningham, 371 U.S. 236, 83 S.Ct. 373, 9 L.Ed.2d 285, that militates against that ruling."

"We have chosen to place our affirmance upon the merits of the motion * * *"

It is also clear from Judge Rives' dissent in Marvel that the Fifth Circuit had before it the opinion of the Fourth Circuit in Pilkington but chose to adhere to its own earlier ruling and did not follow Pilkington. There can be no doubt, therefore, that the most recent expression of the Fifth Circuit, which has appellate jurisdiction over this court, is controlling upon this court and must be followed.

Order denying petitioner relief under 28 U.S.C. § 2255 is entered this date.