John Dee CHAPIN, Appellant,

v.

UNITED STATES of America, Appellee.

No. 7904.

United States Court of Appeals Tenth Circuit.

Feb. 12, 1965.

Rehearing Denied March 24, 1965.

James L. Billinger, Denver, Colo., for appellant.

Thomas E. Joyce, Asst. U. S. Atty. (Newell A. George, U. S. Atty., was with him on the brief), for appellee.

Before LEWIS and SETH, Circuit Judges, and DAUGHERTY, District Judge.

LEWIS, Circuit Judge.

This appeal follows denial of relief by the trial court of appellant's motion to vacate sentence under 28 U.S.C. § 2255. The factual background of the case is undisputed and uncomplicated: Appellant, after being advised by the court that the maximum sentence for a violation of 18 U.S.C. § 2312 (Dyer Act) was five years, entered a plea of guilty to a charge made under such Act. Thereafter and over his protest he was sentenced under the Federal Youth Corrections Act, 18 U.S.C. § 5005 et seq., to an indeterminate sentence carrying a potential maximum of six years. The single issue is whether the sentence imposed is valid.

A conflict among the circuits appears to exist upon the question.

The Fifth Circuit in Cunningham v. United States, 256 F.2d 467, and again in Rawls v. United States, 330 F.2d 777, has denied post-conviction relief indicating the existence of the defendant's tacit consent to receiving the remedial benefits of guidance under the Youth Corrections Act in contrast to penal institution confinement. The Fourth Circuit termed such reasoning "too narrow and formalistic," Pilkington v. United States, 315 F.2d 204, 208, and concluded that a factual hearing was necessary to determine whether the trial court's failure to pre-inform the defendant of potential sentence under the Act had resulted in an involuntary plea. See also Carter v. United States, 113 U.S.App.D.C. 123, 306 F.2d 283. Still another view is entertained in the First Circuit. That court indicates the issue "lies deeper" and holds that when a defendant is informed as to a maximum sentence incarceration beyond such period is impermissible. Workman v. United States, 1st Cir., 337 F.2d 226.

In the case at bar the trial court denied relief to appellant, as a matter of law and without a hearing after noting that the views of this Court as expressed in Rogers v. United States, 10 Cir., 326 F.2d 56, relative to the general purposes of the Youth Corrections Act are in accord with a comparable constitutional analysis of the Act in the Fifth Circuit's opinion in Cunningham v. United States, supra. We do not consider our decision in Rogers to be apposite to the issue nor are we persuaded of the correctness of Cunningham to the extent it denies the availability of post-conviction relief under these circumstances. To the contrary, we hold that when, as here, a defendant is sentenced under the Youth Corrections Act to a term potentially longer in duration than the maximum term represented to the defendant prior to plea, such sentence is invalid and must be vacated upon motion under 28 U.S.C. § 2255. But our holding is so limited. We do not hold that appellant's plea was involuntary as a matter of law; nor, that imposition of sentence under the Act is invalid when the maximum statutory sentence is not potentially exceeded even though the Court did not mention the Corrections Act; nor, that the incorrect pronouncement of a maximum term forever prohibits the imposition of a greater sentence. We decide only the narrow issue presented by appellant's motion to vacate sentence.

The case is remanded with directions to vacate the sentence and for such further proceedings as may be required by law or in the interest of justice.