Ronny L. HALE, Appellant,

v.

UNITED STATES of America, Appellee.

No. 8046.

United States Court of Appeals Tenth Circuit.

June 15, 1965.

**368**

Robert L. Duncan, Cheyenne, Wyo., for appellant.

Benjamin E. Franklin, Asst. U. S. Atty. (Newell A. George, U. S. Atty., on the brief), for appellee.

Before PICKETT, BREITENSTEIN and HILL, Circuit Judges.

HILL, Circuit Judge.

Appellant appeals from an Order, entered without a hearing, denying his Motion To Vacate Sentence under 28 U.S.C.A. § 2255.

On November 12, 1963, Hale appeared in the court below, with two retained attorneys, and entered a plea of guilty to an indictment charging violation of 18 U.S.C.A. § 2312. Pronouncement of sentence was deferred at that time pending a pre-sentence investigation and report. Thereafter, and on January 28, 1964, Hale again appeared with his two retained lawyers for imposition of sentence, at which time the record reflects a lengthy colloquy between the trial judge, the defendant, and the attorneys for the defendant.[1] At the conclusion of this colloquy, the trial judge gave both attorneys for the defendant an opportunity to speak on behalf of their client, after which Hale was given an opportunity to make a statement in his own behalf. Sentence was then pronounced under the provisions of the Federal Youth Corrections Act, 18 U.S.C.A. § 5005 et seq.

Appellant attacks the validity of his sentence, arguing that his plea of guilty was to a violation of 18 U.S.C.A. § 2312, which provides for a maximum sentence of five years, and that in effect, he received a six year sentence under the Federal Youth Corrections Act.

Counsel for appellant relies upon this court's recent case of Chapin v. United States, 341 F.2d 900 (10th Cir. 1965), and Pilkington v. United States, 315 F.2d 204 (4th Cir., 1963). Factually, both of

1. "THE COURT: In this case the record reflects that on November 12, 1963, the defendant was before the Court and at that time entered a plea of guilty to the one count of the indictment. The Court deferred sentence pending a pre-sentence investigation, which has been completed.

Mr. Hale, at the time that you appeared before me and entered the plea of guilty I asked you whether you were— whether you realized by so doing you would subject yourself to punishment within the limits fixed by law?

THE DEFENDANT: Yes, sir.

THE COURT: And the charge being a violation of the Dyer Act or interstate transportation of a stolen motor vehicle knowing it to have been stolen, the maximum punishment is five years. Now, I should have told you then and I will tell you now, that if I should determine, should find that you are suitable for handling under the Federal Youth Corrections Act, there is a possibility that you might be sentenced under that Act, not as punishment strictly, but for treatment and supervision, which would mean that you would receive an indefinite sentence under the provisions of that Act and particularly under Section 5010(b) and 5017(c) of Title 18 of the United States Code, you would be committed to the custody of the Attorney General for treatment and supervision, it would be required, the Board of Parole, the Youth Corrections Division of the Board of Parole, could release you conditionally at any time, and would be required to release you or to permit you to leave custody at the end of four years, but could keep you under supervision for as long as six years, under supervision. That would be two years after release.

I tell you this because I want it clearly understood that you understood by entering a plea of guilty you subjected yourself to that.

THE DEFENDANT: Yes, sir.

THE COURT: Although we had indicated five years' imprisonment was the maximum.

Now, do you understand the Youth Corrections Act and what I have told you and what it might mean?

THE DEFENDANT: Yes, sir.

THE COURT: Now, understanding that, you now have the opportunity to choose to withdraw your plea of guilty.

THE DEFENDANT: I'll just go through with it now, sir.

THE COURT: And understanding that and realizing that you might be sentenced under the Youth Corrections Act?

THE DEFENDANT: Yes.

THE COURT: Very well. Do counsel agree with that conclusion by the defendant?

MR. DAHL: Yes.

MR. LONGSTAFF: Yes, Your Honor."

those cases are unlike this case. In Chapin, the defendant, prior to a plea of guilty, was advised by the court that the maximum penalty was five years and then, over the defendant's protest, a sentence was imposed under the Federal Youth Corrections Act. In Pilkington, prior to the imposition of sentence, there was no mention made of what the possible maximum sentence could be under the Federal Youth Corrections Act, nor was it even intimated that a sentence might be imposed under the Act. In this case the trial judge, prior to the imposition of sentence, carefully explained to the defendant the sentencing provisions of the Federal Youth Corrections Act, advised him of the possibility of a sentence being imposed under the Act, and then gave him an opportunity to withdraw his previously entered plea of guilty, if either he or his attorneys so desired. As a result, the defendant expressed a desire to not withdraw his plea of guilty but to proceed with the sentencing. In open court the two retained attorneys agreed with the conclusion reached by their client.

Appellant, in his Motion, also alleges that on the day he was sentenced he was ill with a temperature of 102 degrees, and for that reason "he did not realize what the sentence was or he would have appealed it." In this connection the record plainly shows that after the court fully explained to Hale the sentencing provisions of the Federal Youth Corrections Act, a careful inquiry was made to satisfy the court that Hale understood the explanation. Hale stated unequivocally that he did understand. In addition, it should be noted that Hale was on this occasion represented by two lawyers selected and retained by him. He makes no attack upon the adequacy of his retained counsel and from the face of the record we must assume that he was adequately represented.

We believe the trial court properly denied the Motion, without a hearing, upon the allegations made in the Motion by appellant and upon the files and records of the case.

Affirmed.