Foster Logan YATES, Petitioner,

v.

UNITED STATES of America, Respondent.

Civ. A. No. 3713.

United States District Court
E. D. Virginia,
at Alexandria.

Aug. 11, 1965.

Foster Logan Yates, pro se.

MacDougal Rice, Asst. U. S. Atty., Alexandria, Va., for respondent.

LEWIS, District Judge.

Foster Logan Yates has filed a motion pursuant to Title 28 United States Code, § 2255, seeking to vacate and set aside the sentence heretofore imposed upon him by this Court. He also requests that the Court dismiss and acquit him of all charges and grant him his freedom. He is most explicit in pointing out to the Court that he does not want a new trial.

Petitioner is presently in custody under concurrent sentences imposed by this Court on January 16, 1961, in Criminal Actions No. 3707 and No. 3763, both charging interstate transportation of a stolen motor vehicle. (Title 18 United States Code, § 2312.) In both cases he received concurrent sentences pursuant to the provisions of the Youth Corrections Act (Title 18 United States Code, § 5010(b)), to be discharged in accordance with the provisions of Title 18 United States Code, § 5017(c). At the time of sentencing he was eighteen years old.

He now complains that the Court failed to fulfill its responsibility under Rule 11, F.R.Cr.P., in not informing him of all of the various sentencing possibilities before accepting his pleas of guilty. He especially complains that he was not advised of the provisions of the Youth Corrections Act under which he could receive a possible maximum sentence of six years as opposed to five years which the statute proscribes as the penalty for each of the two charges. This failure, he argues, constitutes misleading him as a matter of law entitling him to the redress he seeks. He relies upon Pilkington v. United States, 315 F.2d 204 (4th Cir. 1963) in support of his contentions. His presence was not required for the hearing.

In reviewing the files and records in re Foster Logan Yates, it is significant that he has a history of troubles with the law. His record shows a conviction for petty larceny when he was eleven years

old. Thereafter he was convicted of leaving the scene of an accident, driving without an operator's license, reckless driving and grand larceny. Following the latter conviction he was committed to a Virginia state institution for delinquents for nine months. Some three weeks after his release he was recommitted for an additional nine months until December 20, 1959. Shortly thereafter he joined the Army and was in the service when, on July 23, 1960, he allegedly perpetrated the automobile offense charged in Criminal Action No. 3707. After arrest, Yates was released on September 12, 1960 to the custody of the military authorities pending indictment. Subsequently, on October 29, 1960, he allegedly transported another stolen automobile which is the subject of Criminal Action No. 3763. He was indicted for both offenses and counsel was appointed to represent him.

It was with this background that the defendant appeared before Judge Bryan of this court on January 16, 1961, when the following occurred:

"THE CLERK: You are Foster Logan Yates?

DEFENDANT YATES: Yes.

\* \* \* \* \* \*

THE COURT: Is there a motion to change the plea?

MR. KAVALJIAN: Yes, sir, as to Foster Logan Yates on the crime now charged there is a motion to alter the plea from one of not guilty to one of guilty.

THE COURT: Is that true in respect to both cases, 3707 and 3763?

MR. COHEN [Assistant United States Attorney]: As I understand it, your Honor, the Defendant Yates will plead guilty to 3707, which is just a 1-count indictment; however, there are 2 counts in 3763. It is my understanding that the defendant will plead guilty to Count 1.

MR. KAVALJIAN: Correct.

THE COURT: Let me see the file. (File handed to the court.)

THE CLERK: Is it your desire to change your plea of not guilty to that of guilty as to 3707?

DEFENDANT YATES: Yes, ma'am.

THE CLERK: And then as to 3763 is it your desire to change your plea of not guilty to that of guilty as to Count 1 of the information?

DEFENDANT YATES: Yes, ma'am.

THE CLERK: Is that correct?

MR. COHEN: If your Honor will recall, 3763 was a case that was transferred up from Newport News for disposition by this Court in view of the fact that we have the other case before the Court.

\* \* \* \* \* \*

THE COURT: Are you the Defendant Yates?

DEFENDANT YATES: Yes, your Honor.

THE COURT: You have entered a plea of guilty or offered a plea of guilty to the indictment returned against you in October charging that on or about July 23 you with 2 others transported in interstate commerce a motor vehicle from Fort Benning, Ga. to Fairfax County, Va., and you want to enter a plea of guilty to that charge.

DEFENDANT YATES: Yes, your Honor.

THE COURT: You are also charged in another indictment with transporting on or about October 29 a motor vehicle in interstate commerce from Fort Benning, Ga. to Fort Monroe, Va.

In this latter instance and in the former instance it is charged that when you transported these cars you knew them to be stolen cars. And it is your election, as I understand, to plead guilty to the charges on both of these indictments?

DEFENDANT YATES: Yes, your Honor.

MR. COHEN: If your Honor please, as to Count 2 of 3763, the Newport News indictment, it is the motion of the government that that count be dismissed.

THE COURT: Let that be dismissed, and the defendant stands charged on indictment 3707 and 3763, the 2 indictments covering the 2 offenses that I just outlined to the defendant.

Now, before I take your plea of guilty, I want you to know the effect of the plea. The effect of the plea is an admission by you that you did transport these cars across state lines as charged in each of these indictments at a time when you knew them to be stolen cars. Is that your intent—

DEFENDANT YATES: Yes, your Honor.

THE COURT: —to admit that?

By this plea of guilty you also subject yourself to possible imprisonment or a fine or the imposition of both a fine and imprisonment upon each of the indictments. And do you still plead guilty with that possibility?

DEFENDANT YATES: Yes, your Honor.

THE COURT: Has any promise or any favor been extended to you to persuade you to enter a plea of guilty?

DEFENDANT YATES: No, your Honor, there has not.

THE COURT: Mr. Kavaljian, is there any evidence or any statement you would like to make at this time on behalf of the defendant, or is there anything he wants to offer at this time?

MR. KAVALJIAN: There is no evidence, your Honor.

If it please the Court, the defendant here is 18, and I would move your Honor to submit him pursuant to the Youth Corrections Act for investigation prior to sentencing.

THE COURT: Is he in the service now?

MR. KAVALJIAN: Yes, sir, he is.

THE COURT: When were you 18?

DEFENDANT YATES: In February, your Honor.

THE COURT: Where is your home?

DEFENDANT YATES: Hampton, Va., your Honor.

THE COURT: Were you born and raised there?

DEFENDANT YATES: I was not born there, your Honor. I was raised there the majority of my life.

THE COURT: Are your parents living there now?

DEFENDANT YATES: Yes, your Honor.

THE COURT: Do they know about this charge?

DEFENDANT YATES: Yes, your Honor.

THE COURT: Have you been in touch with them about it?

DEFENDANT YATES: Yes, your Honor.

THE COURT: Are they here?

DEFENDANT YATES: No, your Honor, they are not.

THE COURT: I will ask for a presentence investigation before disposing of the case, and as soon as that report is available I will fix a date for disposing of it.

MR. KAVALJIAN: All right, sir.

THE COURT: This defendant is in custody of the Marshal.

MR. KAVALJIAN: Yes, sir, he is incarcerated at the present time.

THE COURT: Mr. Marshal, will you make him available to the probation officer?

THE MARSHAL: Yes.

Step back, please.

\*   \*   \*   \*   \*   \*

THE COURT: Mr. Kavaljian, are you ready to dispose of the Yates' cases?

MR. KAVALJIAN: Yes, sir.

MR. COHEN: If your Honor please, the Probation Officer had previously advised me that he would be ready to go on Yates, and I apologize for not advising his Honor.

THE COURT: Foster, you were indicted under two charges that I explained to you a few minutes ago.

Is there anything you want to say to the Court or any evidence you want to put on as to what disposition should be made of the case?

DEFENDANT YATES: Yes, your Honor, I would like to say something. Well, I would like to say that I have done wrong in this case, and I realize that I am wrong, and that I am trying to be honest with the Court and to clear myself of all this trouble that I have had. I would like to say that I am still a member of the US Army at this time, and that pending disposition of this Court as to whether the Army will discharge me, if I were to receive probation or a suspended sentence, I cannot say, but I can say that in a case such as that I would have a chance.

THE COURT: All right.

Is there anything you want to say, Mr. Kavaljian?

MR. KAVALJIAN: Your Honor, I think the defendant here has covered it.

Your Honor, I didn't realize, nor did the defendant herein realize, that the report would be ready this morning, so this is extemporaneous on his part.

Your Honor has a full background, I am sure, as to the sociology involved here, and I am sure I need not submit to the Court the boy's youth. I am sure it is there, and about his service, that he is at the present time in the Army. But as to the youth, I would like your Honor to take that into great consideration upon sentencing.

THE COURT: Under each of the indictments, that is 3707 and the first count of 3763, it is the judgment of the Court that the Defendant Yates be committed into the custody of the Attorney General of the United States for treatment and supervision, it is pursuant to the provisions of the Federal Youth Corrections Act, that is Section 5010 (b), Title 18, of the U.S. Code, and to be held and discharged as provided in Section 5017(c), Title 18, U.S. Code, being a part of the Federal Youth Corrections Act.

Now, Foster, that gives you an opportunity to make good and to rehabilitate yourself. You will find the officials of the institution to which you will be sent fully cooperative, provided you are cooperative. It will also give you an opportunity to wipe out these convictions. The law provides that that may be done upon your discharge, and your discharge will come just as soon as you earn it.

Now, the judgments under these two indictments shall run concurrently. You are now remanded into the custody of the Marshal for delivery to the Attorney General.

MR. KAVALJIAN: Thank you."

Following his commitment on January 16, 1961, Yates was released under supervision on June 6, 1963. Shortly thereafter, in August of 1963, he was again arrested on a Dyer Act violation. On September 13, 1963 he was sentenced on this charge in the United States District Court for the Middle District of Florida to confinement for one year and one day. On July 3, 1964, following service of the Florida sentence, he was recommitted for violation of the terms of his June 6, 1963 release.

On October 9, 1964, this Court denied without a hearing a motion by Yates under Title 28 United States Code, § 2255 (Civil Action No. 3388). In this motion he attacked his sentence because he was not advised of his right to counsel nor represented by counsel at appearances

before United States Commissioners; that a previous court-assigned counsel (Mr. Fath) downgraded him to the advantage of a co-defendant; that Mr. Kavaljian was not allowed sufficient time to prepare his defense and was unprepared to represent him. The judgment of this Court was affirmed by the United States Court of Appeals for the Fourth Circuit in an unreported memorandum order (No. 9948, March 19, 1965). In its memorandum order the Court stated:

"He [Yates] affirmatively states, however, that he is not contending that the pleas of guilty entered on January 16, 1961, were involuntary."

The Court went on to state, in commenting upon Yates' contention that his attorney was insufficiently prepared so as to deny him the effective assistance of counsel,

"From the transcript of Yates' arraignment and sentencing, there can be no doubt that he understood the nature of the charges against him, that he was aware of the meaning and consequences of his guilty plea, and that the plea was voluntarily entered. In fact, he readily admits that the plea of guilty was voluntary. Yates on the day of his sentencing admitted his guilt and suggested no defense, and he, even now, alleges no defense whatever."

Upon examination of the original transcript and other files this Court finds that Yates' guilty pleas were voluntarily entered. The requirements of Rule 11, F.R.Cr.P., were amply satisfied.

Yates' reliance upon Pilkington v. United States, 315 F.2d 204, is misplaced. In that case the court held that a hearing to determine the voluntariness of a youthful offender's plea was required when the District Court advised the defendant upon accepting his plea of guilty that he might receive a sentence under the Dyer Act of up to five years and then later sentenced the defendant to a possible maximum sentence of six years under the Youth Corrections Act. The court reasoned that this could have misled the defendant. "Enough is shown to create a doubt concerning the voluntariness of the guilty plea." 315 F.2d 204, 207. Such was not the case here. Yates was told by the sentencing judge that his plea of guilty subjected him to possible imprisonment or a fine or both. He now contends that this misled him.

As a convicted youthful offender, the court could, in lieu of the penalty otherwise provided by law, sentence Yates to the custody of the Attorney General for treatment and supervision pursuant to Title 18 United States Code, § 5010(b) until discharged in accordance with Title 18 United States Code, § 5017(c). Such was done in his case. The sentence imposed was within the maximum provided by law. Unlike the Pilkington case, supra, Yates was liable to receive consecutive sentences totaling ten years.

This Court knows of no decision that interprets Rule 11 to command an explanation of the sentencing possibilities either before acceptance of the plea or pronouncement of judgment be the defendant adult or youthful offender. The plain language of the rule commands only that the Court determine that the plea "is made voluntarily with understanding of the nature of the charge." "Voluntarily" as used in Rule 11 means, willingly, intentionally without threat of harm or promise of favor or leniency. "Understanding of the nature of the charge" means a comprehension of the elements constituting the offense.

Petitioner's prayer that his sentence be vacated and set aside, that he be acquitted of all charges and that he be granted his freedom is denied and his petition is dismissed.

Russell Elliott Todd, a co-defendant of Yates, has previously raised in this Court substantially the same question herein presented in his endeavor to be released from custody (Civil Action No. 3506). The Todd case is presently pending before The United States Court of Appeals for the Fourth Circuit (No.

10,048). Leave to the petitioner Yates is herewith granted to appeal in forma pauperis, if he be so advised, so that his case may be heard with the Todd case if the Court of Appeals deems it proper to consolidate them.