**Ronald Eugene BROWN, Petitioner,**

v.

**UNITED STATES of America, Respondent.**

**Civ. No. 3-65-356.**

United States District Court
D. Minnesota,
Third Division.

Nov. 24, 1965.

DONOVAN, District Judge.

Ronald Eugene Brown, who is presently incarcerated in the Federal Reformatory in El Reno, Oklahoma, moves herein to vacate and set aside his sentence pursuant to Title 28, United States Code § 2255. Brown was convicted of a violation of Title 18, United States Code § 2312 (Dyer Act) a crime for which the statutory maximum penalty is five years' imprisonment. He was sentenced on October 10, 1960, by the Honorable Robert C. Bell, Judge, in the United States District Court, District of Minnesota, Third Division, to an indefinite term for treatment and supervision under the Federal Youth Corrections Act, Title 18 United States Code §§ 5005–5024, in lieu of imprisonment[1] under the Dyer Act. The maximum term under the Federal Youth Corrections Act is six years.[2] Brown has now been in custody over five years from the date of sentencing.

Brown alleges that he was not informed or made aware at the time of his arraignment or sentencing that he might be sentenced and confined, under the Federal Youth Corrections Act, for a period exceeding that applicable under the Dyer Act.

■ There are already a number of reported decisions involving substantially similar facts, wherein a defendant has been sentenced under the Federal Youth Corrections Act when the maximum statutory sentence would otherwise be less than six years; most of these involved Dyer Act convictions. The courts, with the exception of the Fifth Circuit, appear to be in substantial agreement as to the result to be reached in this type of case. The facts in these several cases may differ, and the theories advanced may vary,[3] but the basic principle is substantially settled. If a defendant has been convicted of a crime for which the maximum sentence is less than the maximum six years provided for under the Federal Youth Corrections Act a sentence prescribed pursuant to that Act must be vacated unless the defendant was made aware before his plea or before sentencing, or at least before execution of the sentence, that he could be sentenced under that Act and that he might thereunder have to serve a longer term than un-

1. Title 18 United States Code § 5010(b).

2. Title 18 United States Code § 5017(c).

3. Due process denied (involuntary plea); Rule 11, Federal Rules of Criminal Procedure (judge must determine that plea is voluntary); Rule 32(d), Federal Rules of Criminal Procedure (court may permit defendant to withdraw plea to correct "manifest injustice"); Right to counsel (defendant must be made aware of range of possible punishments to validly waive right to counsel); Title 18 United States Code § 5010(b) (implied prerequisite to sentencing under the statute).

der the statute normally applicable for the particular conviction.[4]

■ It is evident from the record of the arraignment and the sentencing that Brown was not made aware by the Court of the possible length of sentence under the Federal Youth Corrections Act or even made aware of the possibility of a sentence thereunder. Many courts at this point would hold a hearing to determine whether he actually was aware, through his lawyer or some other source, of the possibility of the alternative sentence. This Court is convinced that such a costly and time-consuming procedure would serve no purpose here.[5] Considering the record, and the fact that Brown was sentenced several years before the courts began to require that a defendant be made aware of the alternative sentencing possibilities, there is little doubt that he was not in fact aware of the possible sentence under the Federal Youth Corrections Act. Since Brown has already served five years, further delay for a hearing would be unjust.

It is the conclusion of the Court that Brown ought to be released immediately. There is no logical reason for vacating or setting aside the entire sentence and then re-sentencing him, (assuming a conviction can be obtained) even though such further procedures are "theoretically possible." [6] Sentences in these cases are set aside because the plea is said to be "involuntary" when a defendant is unaware of the alternative sentencing possibilities. But the plea is voluntary to the extent that a defendant admits the charge against him and a conviction based thereon is valid. A valid sentence may therefore be imposed. The plea is "involuntary" only because, and only to the extent that, a defendant unwittingly subjects himself to a sentence under the Federal Youth Corrections Act which exceeds the maximum sentence to which he would normally be subject under his plea of guilty.

Therefore, the sentence ought to be vacated and set aside only to the extent that it exceeds the maximum five years' imprisonment to which defendant voluntarily subjected himself by his plea.[7] That is, the sentence herein must be corrected [8] to provide for Brown's unconditional discharge [9] after five years from the date of sentencing, but it is corrected only to that extent. This approach seems to this Court to be both logical and practical.

4. Freeman v. United States, 9 Cir., 350 F. 2d 940; King v. United States, 10 Cir., 346 F.2d 159; Chapin v. United States, 10 Cir., 341 F.2d 900; Pilkington v. United States, 4 Cir., 315 F.2d 204; Young Hee Choy v. United States, 9 Cir., 322 F.2d 64, 66 (note 9); Rawls v. United States, D.C.W.D.Mo., 236 F.Supp. 821; Rowe v. United States, D.C.W.D. Wis., 227 F.Supp. 666; Williams v. United States, D.C.E.D.Ky., 231 F.Supp. 382; McCullough v. United States, D.C. N.D.Fla., 231 F.Supp. 740; Marvel v. United States, 380 U.S. 262, 85 S.Ct. 953, 13 L.Ed.2d 960; Hale v. United States, 10 Cir., 347 F.2d 367; Workman v. United States, 1 Cir., 337 F.2d 226; Carter v. United States, 113 U.S. App.D.C. 123, 306 F.2d 283; See also, generally, 97 A.L.R.2d 549; See Marvel v. United States, 5 Cir., 335 F.2d 101, certiorari granted 380 U.S. 262, 85 S.Ct. 953, 13 L.Ed.2d 960; Rawls v. United States, 5 Cir., 330 F.2d 777, certiorari denied 380 U.S. 921, 85 S.Ct. 919, 13 L.Ed.2d 806; Cunningham v. United States, 5 Cir., 256 F.2d 467; Beufve v. United States, D.C.N.D.Fla., 238 F. Supp. 494; Doshier v. United States, D.C.N.D.Miss., 237 F.Supp. 388; Real v. United States, D.C.W.D.Ark., 238 F. Supp. 235; See also In Re Lee's Petition, D.C.E.D.N.Y., 232 F.Supp. 415; Yates v. United States, D.C.E.D.Va., 245 F.Supp. 147.

This Court is aware that the Department of Justice has instructed the United States Attorneys to follow this principle.

5. See BeBeau v. United States, U.S.D.C. Minn., Jan. 15, 1965, No. 4–64–399, Civil, Devitt, Chief Judge.

6. Workman v. United States, supra note 4, 337 F.2d at 227.

7. See BeBeau v. United States, supra note 5, in which the same result was reached.

8. Title 28 United States Code § 2255.

9. Title 18 United States Code § 5017(c).

Having fully considered the facts herein and the law applicable thereto, and having in mind that Brown has already been in custody for five years since he was sentenced, it is hereby determined that he ought to be, and he is hereby, immediately discharged unconditionally.

Petitioner being entitled thereto, the petition to proceed in forma pauperis is hereby granted.

The foregoing may be considered findings of fact and conclusions of law herein.

It is so ordered.