**Willard Lewis KNOTT, Petitioner,**

v.

**UNITED STATES of America,**
**Respondent.**

**Civ. No. A–61–66.**

United States District Court
D. Alaska.

June 22, 1966.

Richard L. McVeigh, U. S. Atty.,
Anchorage, Alaska, for respondent.

OPINION AND ORDER RE PETI-
TION FOR RELIEF UNDER SEC-
TION 2255, TITLE 28 U. S. CODE

HODGE, Chief Judge.

The above-named petitioner, who is
presently held in custody at the Federal
Correctional Institution, Milan, Mich-
igan, has filed herein his petition for
relief under Sec. 2255, Title 28 U.S.C.,
from the judgment and sentence of this
court upon the grounds that such judg-
ment and sentence is invalid, which peti-
tion has been filed in forma pauperis
by order of this court.

Petitioner was convicted in this court
on December 12, 1961, of the crime of
interstate transportation of a stolen mo-
tor vehicle, in violation of Sec. 2312, Title
18 U.S.C., upon his plea of guilty to an
information charging such offense, the
petitioner then appearing without coun-
sel but having been informed of his right
to counsel and having waived such right,
and after having been informed of his
right to indictment by the grand jury,
and having waived said right and con-
sented to plead under such information.
At the time of entering of said plea the
court referred the matter to the Proba-
tion Officer of this court for presentence
investigation and report, with special in-
structions to consider the matter of im-
position of sentence under the Federal
Youth Corrections Act (Secs. 5005 to
5024 inclusive, Title 18 U.S.Code). On
December 28 defendant again appeared
without counsel and upon the recom-
mendation of the Probation Officer was
committed to the custody of the Attorney
General of the United States or his au-
thorized representative for treatment
and supervision under the Youth Cor-
rections Act, Sec. 5010(b), Title 18
U.S.C., until discharged by the Youth
Corrections Division of the Board of
Parole under the provisions of Sec. 5017
(c), Title 18 U.S.Code.

It appears that petitioner was released
on parole from the Federal Reformatory
at Chillicothe, Ohio, on December 19,
1963 but was recommitted on April 8,
1965 as a parole violator. It appears that
he was again paroled on December 22,
1965, but was recommitted to the Fed-
eral Correctional Institution at Milan,
Michigan, on April 29, 1966, as a re-
parole violator.

The statute under which petitioner
was sentenced, known as the Dyer Act,
provides a maximum sentence in the

event of conviction of five years imprisonment, whereas under the provisions of said Sec. 5017(c) of Title 18, the youth offender is subject to a maximum commitment unconditionally on or before six years from the date of his conviction. It therefore appears that the potential maximum sentence under the Youth Corrections Act exceeds the maximum sentence under the Dyer Act by one year.

Petitioner does not question the validity of the Youth Corrections Act but contends that his sentence is invalid for the reason that it is incumbent upon the court in disposing of the case against a youthful defendant to explain fully the sentencing provisions of the Youth Corrections Act before accepting a plea of guilty, and that such sentencing provisions were not explained to him by the court at the time of accepting such plea.

Beginning in 1963 the Circuit Courts of the United States considered this question, followed by decisions of the District Courts. A conflict amongst the Circuits appears to exist upon this question but the prevailing or majority view appears to be as expressed by the 10th Circuit in the case of King v. United States, (1965) 346 F.2d 159, which case holds that where a defendant waived indictment and entered a plea of guilty to an information charging violation of the Dyer Act but was sentenced under the provisions of the Federal Youth Corrections Act and where no explanation was given to the defendant concerning the differences in the potential sentences that could be imposed under both Acts, the sentence given the defendant was invalid and must be vacated.[1] This situation prevails here, for it appears from the transcript of such proceedings that although the court did not inform the defendant of the maximum sentence under the Dyer Act as appears in some of the decisions below noted, and hence did not

mislead him, yet no such explanation was given to him either at the time of entry of plea or at the time of imposition of sentence.

In this connection it may be further noted that in the *Pilkington* case, although the court had first informed the defendant of the maximum sentence for the offense of which he was convicted, Chief Judge Sobeloff of the Fourth Circuit made this further comment:

"* * * [B]efore the judge imposes a sentence upon a plea of guilty that may exceed the statutory limit applicable to an adult for the same offense, it is imperative that the youthful defendant shall be aware of the range of sentences to which the plea exposes him. If he has pleaded in ignorance of the possibilities he should be permitted to withdraw his plea. Rule 11, which requires the judge to satisfy himself that a guilty plea is voluntary, cannot be interpreted to mean that anything less will suffice than a complete understanding of the possible sentence."

No decision is found in the Ninth Circuit upon this question and hence we must assume that this Circuit would likely follow the ruling of the Tenth, Fourth and First Circuits, although the Fifth Circuit has held to the contrary.[2]

It must therefore be held that the sentence imposed by this court against the above-named petitioner under the provisions of the Federal Youth Corrections Act (Sec. 5017(c)) is invalid and must be vacated and set aside under the provisions of Sec. 2255 of Title 18 U.S.Code.

It is therefore ordered that the petitioner be brought before this court on the 8th day of July, at the hour of 10:00 o'clock a. m. or as soon thereafter as the matter may be heard, at which time the court will vacate and set the judgment aside, allow the defendant to withdraw

1. See also Pilkington v. United States, (CA-4, 1963) 315 F.2d 204; Chapin v. United States, (CA-10, 1965) 341 F.2d 900; United States v. DeMario, (D.C. Mich.1965) 246 F.Supp. 786; Rowe v. United States, (D.C.Wisc.1964) 227 F. Supp. 666; Workman v. United States, (CA-1, 1964) 337 F.2d 226, 227.

2. Rawls v. United States, (CA-5, 1964) 330 F.2d 777.

his plea, and have such further proceedings as may be required by law or may appear appropriate in the interest of justice.

It is further ordered that the Clerk of this court furnish to the United States Marshal for this district three certified copies of this opinion and order, and that further copies be served upon the United States Attorney for this district, and mailed to the petitioner at Milan, Michigan.