Marcelino Navedo SANTOS, Movant,

v.

UNITED STATES of America,
Respondent.

No. Civ. 666–69.

United States District Court,
D. Puerto Rico.

April 9, 1970.

Marcelino Navedo Santos, in pro. per.

Birg F. Sergent, Special U. S. Atty., San Juan, P. R., for respondent.

## ORDER AND MEMORANDUM OPINION

FERNANDEZ-BADILLO, District Judge.

On September 25, 1969 movant filed a motion to vacate and set aside sentence pursuant to 28 U.S.C. § 2255. Accompanying the motion was a memorandum of authorities in its support. Respondents filed a Motion on February 13, 1970 to Summarily Dismiss Movant's Motion and accompanied a brief in its support.

The Court having thoroughly examined the memoranda of law and being fully advised on the premises finds as follows:

Marcelino Navedo Santos is now confined in the U. S. Penitentiary in Atlanta, Georgia for a life sentence pursuant to a joint indictment with one Pablo Santiago Nazario. The indictment, dated September 21, 1950, charges that:

On or about August 23, 1950, in the District of Puerto Rico, and on

lands acquired and reserved for the use of the United States and under the exclusive jurisdiction of the United States, at a place located within and on the main reservation in the city of San Juan, Puerto Rico, Pablo Santiago Nazario and Marcelino Navedo Santos with malice afore-thought and premeditation and in a deliberate manner murdered Miguel Quifiones Olavarría by beating him with a baseball bat. (18 United States Code, Section 1111)

On October 6, 1950 movant was brought before the Court with his attorney Francisco Fernández Cuyar. The co-defendant also appeared with his counsel at that time and the matter was continued for two weeks in order to give defendants additional time to enter a plea.

The case was again brought before the Court on October 20, 1950 at which time the two defendants again appeared with their attorneys [1] for the entry of a plea. Defendant Navedo Santos entered a plea of guilty to second degree murder. Since the trial judge was not advised as to the facts and circumstances to pass judgment at that time, the matter was once more continued until October 27, 1950, date on which defendants were sentenced to imprisonment for the remainder of their natural life.

Movant's main arguments are the following:

1. Relying heavily on United States v. Jackson, 390 U.S. 570, 88 S.Ct. 1209, 20 L.Ed.2d 138 (1968), he argues that the conviction and sentence pursuant to which he is being detained was had and imposed in violation of the Due Process Clause of the Fifth Amendment to the U. S. Constitution. He further argues that he was deprived of his rights under the Sixth Amendment because the death penalty provisions of the statute upon which the indictment was based impaired the exercise of the right to trial by jury by exposing him to a direct risk of death penalty if he sought to have a jury trial.

2. His plea of guilty was not intelligently and voluntarily made. He ar-

gues that the provisions of Rule 11 of the Federal Rules of Criminal Procedure were violated because the Court accepted a plea of guilty without making the constitutional and required determination that the plea was intelligently, voluntarily and understandingly made. He also contends that the Court accepted the plea without being advised as to the specific acts which he allegedly committed.

■ The Court finds that movant's first contention is lacking in merit. He has entirely missed the point of United States v. Jackson, *supra*.

Title 18, Section 1111(a), (b) of the United States Code basically provides that "whoever is guilty of murder in the first degree, shall suffer death unless the jury qualifies its verdict by adding thereto 'without capital punishment', in which event he shall be sentenced to imprisonment for life".

The *Jackson* case, *supra*, dealt with the Federal Kidnapping Statute which contains a punishment provision that reads: "by death if the kidnapped person has not been liberated unharmed, and if the verdict of the jury shall so recommend" [18 U.S.C. Section 1201(a)].

It may readily be seen that the jury verdict was necessary in order that capital punishment could be imposed upon a convicted defendant under the kidnapping statute. On the other hand, only a jury could save the defendant from death penalty under the first degree murder penalty by qualifying its verdict or by adding thereto "without capital punishment". Thus, under the penalty for murder a judge trying the case without a jury could impose the death penalty without a jury verdict. Under the kidnapping penalty struck down in the *Jackson* case only a jury could impose the death penalty impairing, therefore, the exercise of a constitutional right. In such a case only by waiving that constitutional right could one be assured that one would escape the death penalty under the kidnapping statute. There is no

1. Both defense attorneys have long since passed away.

inherent evil in the first degree murder penalty which impairs the free exercise of constitutional rights.

The defendant has willingly pleaded guilty to a lesser included offense of second degree murder. This is a very common and accepted practice in criminal cases and there is nothing unconstitutional in a court accepting a plea of a lesser included offense. The death penalty itself is not unconstitutional, Witherspoon v. Illinois, 391 U.S. 510, 88 S.Ct. 1770, 20 L.Ed.2d 776 (1968).

Movant's second contention is also not well taken. At the time of the arraignment and the Court's acceptance of the guilty plea to second degree murder in October 1950, Rule 11 of the Federal Rules of Criminal Procedure provided as follows:

> "A defendant may plead not guilty, guilty or, with consent of the court, *nolo contendere*. The court may refuse to accept the plea of guilty, and shall not accept the plea or a plea of *nolo contendere* without first addressing the defendant personally and determining that the plea is made voluntarily with understanding of the nature of the charge * * *."

■ Rule 11 has been amended and now requires a more stringent standard than the law required in 1950. The case of McCarthy v. United States, 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969) holds that where there is a Rule 11 violation the plea must be set aside and the defendant should be allowed to plead anew. Halliday v. United States, 394 U.S. 831, 89 S.Ct. 1498, 23 L.Ed.2d 16 (1969) is authority for the proposition that the *McCarthy* holding is applicable only to those defendants whose guilty pleas were accepted after April 2, 1969. Therefore, in cases where courts accepted pleas of guilty prior to April 2, 1969, it must be determined from the record whether there was compliance with Rule

11 as then constituted; that is, it must be determined that the plea was "made voluntarily with understanding of the nature of the charges".[2] The rule at the time did not require interrogation of the defendant. Halliday v. United States, *supra*.

■ The record of the hearing on October 20, 1950 clearly indicates that movant's attorney stated to the Court that he had held several conferences with the defendant and with the U. S. Attorney and had investigated the facts. After a prolonged final conference with the accused two days before the hearing, he decided that the plea that defendant was going to enter was fully justified. This was translated into Spanish to the defendant. His attorney continued by restating that he felt that this was the proper charge and that he would like to have the plea ratified by the accused. The movant was asked to plead in Spanish; he stated: "Yes, Sir, second degree murder."

The co-defendant then similarly entered his plea and also ratified his plea of guilty. The Court then addressed each defendant personally to determine if they were fully aware of the consequences of the plea. Defendant Marcelino Navedo answered: "Yes, your Honor". The Court then accepted the pleas.

The Government offered to put the investigating F.B.I. agent on the stand to describe the details of the crime. Movant's attorney objected and suggested that the Court be advised as to the facts through the pre-sentence report. The Court then continued the matter until Friday, October 27 in order that the Court be advised as to the facts through the pre-sentence report.

On October 27, 1950 the Court again convened and heard the case. Movant's counsel stated that he understood the pre-sentence report had been rendered and defendant Navedo was ready for

---

2. Should the Court conclude that there was inadequate evidence in the record to show compliance with Rule 11, an evidentiary hearing should be held before a judge other than the sentencing judge. Halliday v. United States, 380 F.2d 270 (1st Cir., 1967).

judgment. Movant's statement that the Court had accepted the plea without knowing what specific acts the movant was alleged to have committed is groundless as it appears from the Court's statement in sentencing the defendant. Thus the record is clear that the requirements of Rule 11 of the Federal Rules of Criminal Procedure were followed.

The arraignment procedure was begun on October 6 and sentence was not entered until October 27, 1950, three weeks later. The defendant himself stated that he was aware of the consequences of his plea at the hearing of October 20, 1950. Movant admits in his petition that he was advised by counsel that he faced the death penalty and that due to the brutal circumstances of the murder, the death penalty was not unlikely.

It is apparent from the facts asserted in the petition that movant's counsel fully advised him of the charge and consequences of his plea. The movant was facing a trial on a capital offense for the extremely brutal crime of beating a man to death with a baseball bat. His attorney was able to plea bargain for a second degree murder plea. Under these circumstances the record leaves no doubt that the plea was voluntarily made with understanding of the nature of the charge.

Marvel v. United States, 335 F.2d 101 (5th Cir., 1964) is not applicable to the case at bar. In *Marvel* the Court of Appeals affirmed the denial of a Section 2255 motion to vacate sentence by the District Court and held that movant was *not* entitled to the vacation of his sentence even though under the statute he violated the maximum penalty was of five years and before he was sentenced he was not advised that under the Youth Corrections Act he could be required to serve as much as six years. The Supreme Court granted certiorari, 380 U.S. 262, 85 S.Ct. 953, 13 L.Ed.2d 960 (1965), vacated the judgment and remanded the case to the District Court "for a hearing as to whether petitioner was misled by the trial judge as to the maximum sentence." There is no evidence here that movant was misled as to his sentence.

Therefore, in light of the foregoing the Motion of Marcelino Navedo Santos to Vacate and Set Aside Sentence under 28 U.S.C. § 2255 must be and is hereby denied and respondent's Motion to Dismiss is granted. It is so ordered.