Claude **WILLIAMS**, Petitioner-Appellant,

v.

**UNITED STATES** of America, Respondent-Appellee.

No. 13677.

United States Court of Appeals Seventh Circuit.

Nov. 26, 1962.

Clarence F. Wittenstrom, Jr., Chicago, Ill., for appellant.

James P. O'Brien, U. S. Atty., Raymond F. Zvetina, Asst. U. S. Atty., Chi-

cago, Ill., John Peter Lulinski, Asst. U. S. Atty., of counsel, for appellee.

Before SCHNACKENBERG, KNOCH and KILEY, Circuit Judges.

KNOCH, Circuit Judge.

Claude Williams, petitioner-appellant herein, was indicted in May, 1955, in three counts for violation of the federal narcotics statutes. As Mr. Williams was without counsel, the District Court appointed John Gannon of the Illinois bar to represent him. Mr. Williams pleaded not guilty, and his trial was set for September 12, 1955.

On September 12, 1955, Mr. Gannon advised the Court that he had been unable to contact Mr. Williams after the latter's release on bond, August 12, 1955, and that Mr. Williams, having lost Mr. Gannon's card, had failed to reach him during that period. On the same day, Mr. Williams indicated that he would like to secure other counsel, and Mr. Gannon requested leave to withdraw as counsel for Mr. Williams. Leave to withdraw was granted.

The cause was continued to September 14, 1955, for trial, to allow Mr. Williams to secure his own lawyer. The District Judge cautioned Mr. Williams that he must return on September 14, 1955, with his own attorney, or proceed to trial without counsel.

On September 14, 1955, Jack Rosen, an attorney and a member of the Illinois bar, advised the District Court that Mr. Williams had retained Melvin B. Lewis, with whom Mr. Rosen was associated, as defense counsel, but that Mr. Lewis was trying a capital punishment case in another county and could not be present that day. Mr. Rosen requested a 30-day continuance on the ground that Mr. Lewis had been retained only the day before and, apart from being engaged in trial elsewhere, had had no opportunity to prepare a defense.

The Assistant United States Attorney present for the government stated that Mr. Lewis had telephoned him the day before to report that Mr. Williams had been referred to Mr. Lewis by the Chicago Bar Association.

The District Judge commented on Mr. Williams' lack of effort to contact the counsel originally appointed for him, although he must have known that his case was set for trial on September 12, 1955. Further continuance was denied. It was the District Judge's stated opinion that Mr. Williams had made no sincere effort to obtain counsel until September 13th.

Although Mr. Rosen asserted that he had been an attorney for only three and one-half months and did not consider himself "a fair counsel" for Mr. Williams, he was appointed to represent him at the trial. The District Judge did continue the cause till the afternoon session to provide Mr. Rosen a few hours' preparation time.

A jury was duly empaneled. The parties by their counsel stipulated orally that in the event of illness of not to exceed two jurors, the remaining ten or eleven jurors might proceed with the trial and return a verdict.

After trial, the jury found Mr. Williams guilty as charged in counts two and three of the indictment, and not guilty as to count one. Only eleven jurors signed the verdict, one of the jurors having been excused on September 19, 1955, before the jurors retired to consider their verdict.

When the District Judge had asked whether the parties would stipulate to return of a verdict by only ten or eleven jurors, the prosecution had stated: "The Government will so stipulate." Mr. Rosen had answered: "The defense will also, sir." It does not appear that this stipulation was reduced to writing as contemplated by Federal Rules of Criminal Procedure, Rule 23(b).

Although Mr. Williams was in the courtroom at the time of the oral stipulation, he contends that he was not in fact aware that any such stipulation had been made and never expressly and intelligently consented to it. This presents an issue of fact which the record before us does not conclusively resolve.

The District Judge imposed a sentence of two years on count two and five years on count three, to run consecutively. The sentence of five years was suspended, and Mr. Williams was placed on probation for the five-year period beginning at the expiration of the two-year sentence.

On September 27, 1955, after a number of post-trial motions were decided, Mr. Rosen sought and was granted leave to withdraw as counsel for Mr. Williams on the ground that he was to be inducted into the United States Army on October 4, 1955. No appeal was taken.

Mr. Williams served the two-year sentence imposed on count two, and entered on the five-year probationary period. During that period, he was tried and convicted of unlawful sale of narcotics in the Criminal Court of Cook County, Illinois, in Case No. 58–2819, People of the State of Illinois v. Claude Williams, and, as a second offender by virtue of his prior federal conviction, was sentenced to the Illinois State Penitentiary for the rest of his natural life.

On February 15, 1960, while Mr. Williams was detained in the Cook County Jail, the government sought a bench warrant for him to show cause why his probation should not be revoked. Mr. Williams' probation was revoked and the District Court sentenced him to serve ten years on count three, such sentence to run concurrently with the sentence imposed on Mr. Williams in the Criminal Court of Cook County.

On February 6, 1962, the District Court examined: (1) a document received from Mr. Williams entitled "Motion in the Nature of Writ of Error Coram Nobis to Vacate and Set Aside Judgment of Conviction," treated as a motion to modify sentence under Title 28 U.S.C. § 2255; and (2) another communication from Mr. Williams also filed as a motion under Title 28 U.S.C. § 2255; and denied such motion to modify the sentence herein. The order, however, does not indicate that the files and records of the case were also considered to determine whether or not they conclusively showed that the prisoner was entitled to no relief as required by § 2255.

Appellant does not attack the competence of Mr. Rosen because of alleged mistakes at the trial. It is appellant's contention that he was denied counsel of his own choice, and that he was denied effective assistance of any counsel because of Mr. Rosen's admitted inexperience coupled with inadequate time to prepare for trial.

■ This cause must be reversed and remanded as to the ten-year sentence imposed after revocation of probation. The District Court was without authority to impose a sentence in excess of the five-year sentence previously imposed and suspended. Title 18 U.S.C. § 3653 authorizes the District Court to revoke probation and to require service of the sentence originally imposed, or any lesser sentence; or, if imposition of sentence has been suspended, then to impose any sentence which might originally have been imposed. The excessive sentence here imposed must be corrected to five years, or less.

■ Mr. Williams has served the two-year sentence imposed on count two. He is now detained in a state penal institution under a state conviction (although he is concurrently serving the federal sentence of ten years mentioned above). Title 28 U.S.C. § 2255 is available only to prisoners in custody under sentence of a federal court. U. S. v. Kerschman, 7 Cir., 1953, 201 F.2d 682, and cases therein cited; Booth v. U. S., 9 Cir., 1953, 209 F.2d 183, cert. den. 347 U.S. 923, 74 S.Ct. 525, 98 L.Ed. 1077 (1954).

■ Mr. Williams' motion specifically asserts that relief is sought under authority of § 2255, which is not available in the circumstances of this case, but the motion is entitled: "Motion in the Nature of Writ of Error Coram Nobis," and may be treated as an application for a writ of error coram nobis under the All-Writs Act, Title 28 U.S.C. § 1651(a). U. S. v. Morgan, 2 Cir., 1953, 202 F.2d 67, aff'd. 346 U.S. 502, 74 S.Ct. 247, 98 L.Ed. 248 (1954).

Apart from the issue of the excessive sentence, mentioned above, a study of this case as a whole leads us to the conclusion that justice will best be served by remand of this cause for consideration by the District Court as a motion for writ of error coram nobis, and for findings with respect thereto with specific reference to the issues indicated in this opinion.

The Court is grateful for the conscientious and skilled services of Clarence F. Wittenstrom, Jr., of the Illinois bar, who represented Mr. Williams in this appeal as Court-appointed counsel.

Reversed and remanded with directions.