**Carl Frank WILLIAMS, Petitioner,**

v.

**UNITED STATES of America, Respondent.**
**No. 1583.**
United States District Court
E. D. Kentucky,
Lexington.
July 13, 1964.

W. R. Patterson, Jr., and Jackson W. White, Lexington, for plaintiff-petitioner.

George I. Cline, U. S. Atty., and Moss Noble, Asst. U. S. Atty., for defendant-respondent.

HIRAM CHURCH FORD, District Judge.

By this action the petitioner, Carl Frank Williams, proceeding under § 2255 of Title 28 U.S.C.A., seeks to have vacated and set aside a sentence committing him to the custody of the Attorney General under the Youth Corrections Act which was imposed upon him pursuant to a judgment of this Court on August 7, 1961. He seeks such remedy upon the ground that the sentence was in excess of the maximum period of confinement authorized by law, that it was imposed in violation of the Sixth Amendment to the Constitution of the United States and is subject to collateral attack.

A hearing upon the petition was held before the Court in Lexington on July 10, 1964, at which the petitioner was present in person and represented by his appointed counsel, Mr. W. R. Patterson, Jr., and Mr. Jackson W. White, and re-spondent was represented by Assistant United States Attorney Moss Noble. After hearing testimony introduced by the parties and arguments of counsel, the case was submitted to the Court for judgment.

It appears from the Reporter's transcript of the proceedings of the arraignment and sentencing here in question, the defendant (petitioner) waived both the right to be represented by counsel and to be tried by a jury and entered his plea of guilty to the charge set out in 18 U.S.C.A. § 2312, usually referred to as the "Dyer Act", by which the maximum penalty thereunder is fixed at a fine of not more than $5,000 or imprisonment of not more than five years, or both.

After waiving his right to be represented by counsel, defendant was furnished a copy of the criminal information filed against him, containing upon its face a notation setting out the above stated maximum penalty. The defendant stated to the Court that he understood the charge and entered his plea of guilty, which was accepted by the Court.

After thus having accepted defendant's plea of guilty and his waiver of counsel and ascertaining that defendant understood the charge against him, the Court proceeded to briefly explain the purpose of the Youth Corrections Act stating "You look like a mature man but I am going to let you be sentenced to the custody of the Attorney General under the Youth Corrections Act" and referred to the possibility of imprisonment thereunder for a maximum period of six years. Before the Court made this reference to the Youth Corrections Act, defendant had had no information whatever in regard to it or that it carried a possible penalty of one year longer than the maximum penalty under the Dyer Act. The defendant was given no information whatever in respect to his right to move for leave to withdraw his plea of guilty under Rule 32(d) of Federal Rules of Criminal Procedure, and secure advice of counsel in respect to the matter.

At the hearing on July 10, 1964, petitioner (defendant) testified in substance

that he pled guilty when he was not guilty with the hope of getting released from the Indiana detainer against him, under which he was liable to sentence of imprisonment.

The petitioner claims that the failure of the Court to timely and fully inform him of his right in respect to withdrawal of his plea of guilty after it was indicated to him that he would be committed under the Youth Corrections Act, with the possibility of imprisonment for a period one year longer than that provided under the Dyer Act, rendered the sentence imposed upon him invalid.

The petitioner contends that, under the circumstances above set out, to be valid, his waiver of his right to have counsel must have been made with the knowledge and understanding of the range of allowable punishments applicable to his case. Pilkington v. United States, 315 F.2d 204, C.A. 4.

In Von Moltke v. Gillies, 332 U.S. 708, 724, 68 S.Ct. 316, 323, 92 L.Ed. 309, in referring to the guarantee provided under the Sixth Amendment to the Constitution, the Court said:

"* * * The fact that an accused may tell him that he is informed of his right to counsel and desires to waive this right does not automatically end the judge's responsibility. To be valid such waiver must be made with an apprehension of the nature of the charges, the statutory offenses included within them, the range of allowable punishments thereunder, * * *."

In Johnson v. Zerbst, Warden, 304 U.S. 458, 462, 464, 58 S.Ct. 1019, 1022–1023, 82 L.Ed. 1461, the Court said:

"* * * The Sixth Amendment guarantees that 'In all criminal prosecutions, the accused shall enjoy the right * * * to have the Assistance of Counsel for his defence.' * * *

"It has been pointed out that 'courts indulge every reasonable presumption against waiver' of fundamental constitutional rights * * *".

In the recent case of Gideon v. Wainright, 372 U.S. 335, 343, 83 S.Ct. 792, 796, 9 L.Ed.2d 799, the Supreme Court reaffirmed and quoted from Johnson v. Zerbst, supra, saying:

"And again in 1938 this Court said:

"'(The assistance of counsel) is one of the safeguards of the Sixth Amendment deemed necessary to insure fundamental human rights of life and liberty. * * * The Sixth Amendment stands as a constant admonition that if the constitutional safeguards it provides be lost, justice will not "still be done." ' Johnson v. Zerbst, 304 U.S. 458, 462 [58 S.Ct. 1019, 1022, 82 L.Ed. 1461], (1938). To the same effect, see Avery v. Alabama, 308 U.S. 444 [60 S.Ct. 321, 84 L.Ed. 377], (1940), and Smith v. O'Grady, 312 U.S. 329 [61 S.Ct. 572, 85 L.Ed. 859], (1941)."

In the light of the above mentioned authorities and in view of the undisputed facts and circumstances attendant upon the entry of the judgment and imposition of the sentence upon the defendant (petitioner) Carl Frank Williams, I am of the opinion that the judgment and sentence here in question are invalid, vulnerable to collateral attack, and should be vacated.

In conformity herewith, an order will be entered vacating and setting aside the judgment and sentence imposed upon defendant Carl Frank Williams in this Court at Lexington, Ky., in criminal action No. 9276, on August 7, 1961, and directing that the defendant (petitioner) Carl Frank Williams be released from further imprisonment thereunder.