Harry Floyd **FREEMAN**, Appellant,

v.

**UNITED STATES** of America, Respondent.

No. 19961.

United States Court of Appeals Ninth Circuit.

Sept. 13, 1965.

Supplemental Order Nov. 26, 1965.

Harry F. Freeman, in pro. per.

Manuel L. Real, U. S. Atty., John K. Van de Kamp, Asst. U. S. Atty., Chief, Crim. Div., J. Brin Schulman, Asst. U. S. Atty., Asst. Chief, Crim. Div., Robt. M. Talcott, Asst. U. S. Atty., Los Angeles, Cal., for appellee.

Before CHAMBERS and BROWNING, Circuit Judges, and MUECKE, District Judge.

MUECKE, District Judge.

This is an appeal from an order of the United States District Court for the Southern District of California, entered December 11, 1964, denying appellant's Motion to Vacate and Set Aside his sentence, pursuant to 28 U.S.C.A. § 2255 (1948).

An indictment was returned by the Grand Jury for the Southern District of California on April 11, 1960 charging appellant with a violation of the Dyer Act, 18 U.S.C.A. § 2312 (1948). On April 18, 1960, appellant, represented by counsel, was arraigned and entered a plea of guilty before the Honorable Myron D. Crocker. On May 16, 1960 appellant was sentenced by Judge Crocker to the custody of the Attorney General for a period of five years, with an accompanying order that a study be made of him, pursuant to 18 U.S.C.A. § 4208 (1958), Fixing Eligibility for Parole. On August 15, 1960, the appellant, with counsel, again appeared before Judge Crocker, who, on the basis of the results of the study, modified the sentence previously imposed on appellant so as to commit him to the custody of the Attorney General for treatment and supervision pursuant to the Youth Corrections Act, 18 U.S. C.A. § 5010(b) (1950).

An examination of the reporter's transcript of this sentencing proceeding reveals that the Court informed the appellant of the nature, scope, and purpose of the Youth Corrections Act. However, at least as far as the record is concerned, the Court failed to advise appellant that the maximum sentence under the Youth Corrections Act was one year longer than that possible under the Dyer Act, i. e. six years, rather than five years.[1] It appears the Court actually misinformed appellant by twice stating to him that the maximum sentence was *four* years:

> "So that is what I have in mind for you, is an indeterminate type of sentence, in which as soon as you show the authorities you can accept your responsibilities they can release you, whether it be a day, or a month, or a *maximum of four years*." (Emphasis added). (S. C. T. 6)

After the imposition of sentence, the Court again admonished the appellant:

> "So if you want to grow up and assume your responsibilities you will be out in a short while. *Otherwise you will be there as long as four years*." (Emphasis added) (S. C. T. 8)

Appellant was paroled on November 29, 1962, pursuant to 18 U.S.C.A. § 5017(c), having served approximately two and one-quarter years. Immediately thereafter he was taken into custody by the State of New York to answer charges there pending against him. A sentence of imprisonment for four months resulted, execution of which was suspended. On October 3, 1963 appellant was convicted of violation of 18 U.S.C.A. § 2312, Dyer Act), in the United States District Court for the Western District of Texas and was sentenced to imprisonment for a term of three years.

On March 11, 1965, a hearing was held to determine whether appellant had violated the conditions of his parole by virtue of his latest conviction. On April 12, 1965, the Board of Parole revoked appellant's parole. Appellant is presently

1. Title 18 U.S.C.A. § 2312 TRANS-PORTATION OF STOLEN VEHICLES

Whoever transports in interstate or foreign commerce a motor vehicle or aircraft, knowing the same to have been stolen, shall be fined not more than $5,-000 or imprisoned not more than five years, or both. June 25, 1948, c. 645, 62 Stat. 806.

Title 18 U.S.C.A. § 5017(c) RELEASE OF YOUTH OFFENDERS

(c) A youth offender committed under section 5010(b) of this chapter shall be released conditionally under supervision on or before the expiration of four years from the date of his conviction and shall be discharged unconditionally on or before six years from the date of his conviction.

confined at the Federal Correctional Institution, Danbury, Connecticut, serving the three year sentence imposed as the result of his 1963 conviction in the Western District of Texas, as well as the remainder of his original sentence under the Youth Corrections Act.

The question presented by this appeal is whether the petitioner has a remedy under 28 U.S.C.A. § 2255 by virtue of the fact the trial judge may not have informed him that under the Youth Corrections Act the statute subjected the defendant to a possible maximum sentence of six years confinement.

This issue has been decided by both the Fourth and Fifth Circuits. The Fourth Circuit, in Pilkington v. United States of America, 315 F.2d 204 (4th Cir. 1963) has held that a defendant who pleads guilty in reliance on a representation by the sentencing judge that the maximum penalty for the offense charged was five years imprisonment, and who then was sentenced under the provisions of the Youth Corrections Act without being informed of a possible six year sentence, was entitled to a hearing to determine the voluntariness of his plea of guilty.

The Fifth Circuit, in Marvel v. United States of America, 335 F.2d 101 (5th Cir. 1964) has adhered to the contrary viewpoint, relying on its earlier decision in Cunningham v. United States of America, 256 F.2d 467 (5th Cir. 1958), which held that the appellant, having been advised by the court of the existence and benefits of the Youth Corrections Act and of the opportunity of being committed as a youthful offender "in lieu of the penalty of imprisonment otherwise provided by law", tacitly assented to the range of allowable punishments under the Youth Corrections Act. Thus, there exists a direct conflict between the Fourth and Fifth Circuits.

We have previously approved of the Pilkington decision. In Young Hee Choy v. United States, 322 F.2d 64 (9th Cir. 1963) we stated, footnote nine:

"[W]e believe that where a defendant pleads guilty to an offense where the maximum penalty is less than six years and is eligible for sentencing under the Federal Youth Corrections Act, he should be advised that he could be sentenced under the Federal Youth Corrections Act and that he could not be unconditionally released prior to six years. Pilkington v. United States, 315 F.2d 204 (4th Cir. 1963)."

On a second appeal by the same appellant, Young Hee Choy v. United States, 344 F.2d 126 (9th Cir. 1965), we noted that the facts of that case differed sharply from those in Pilkington, because the sentencing judge *had* pointed out to the appellant that the original sentence was for imprisonment for a period of two years and that under the Youth Corrections Act the sentence would be for an indefinite period, during which he might be released conditionally not more than four years after his conviction and *unconditionally not more than 6 years after his conviction.*

This was not done in the instant case. Therefore, we specifically now hold that a defendant who pleads guilty to an offense where the maximum penalty is less than six years and is eligible for sentencing under the Federal Youth Corrections Act, should be advised that he could be sentenced under the Federal Youth Corrections Act and that he could be "released conditionally under supervision on or before the expiration of four years from the date of his conviction and * * * discharged unconditionally on or before six years from the date of his conviction." 18 U.S.C.A. § 5017(c) (1950).

Appellant is being deprived of his liberty for a longer period than he was informed at the time his plea of guilty was entered. Rule 11, Federal Rules of Criminal Procedure, demands that the Court not accept a plea of guilty "without first determining that the plea is made voluntarily with understanding of the nature of the charge." This provision is merely an enunciation of the admonition by the United States Supreme Court in Kercheval v. United States of America, 274 U.S. 220, 223, 47 S.Ct. 582, 71 L.Ed. 1009 (1927) that "Out of just considera-

tion for persons accused of crime, courts are careful that a plea of guilty shall not be accepted unless made voluntarily after proper advice and with full understanding of the consequences."

■■ Appellant has also alleged in his petition: (a) that "he was placed in double jeopardy when the sentencing Court vacated his sentence under 18 U.S.C. Section 4208(b) and resentenced him under the provisions of 18 U.S.C. Section 5010(b)"; (b) that "the government lost jurisdiction when it paroled him from service of sentence to the authorities of the State of New York."

■■ After examination of each of these contentions we conclude and hold that they are without merit. We are, however, of the view that appellant is entitled to some relief under 28 U.S.C.A. § 2255 (1948) even though appellant has failed to specifically designate precisely what relief he is seeking. 28 U.S.C.A. § 2255 spells out the following alternatives: " \* \* \* [T]he court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." We have before us for our consideration only the transcript of the proceedings below that occurred on August 15, 1960 when appellant appeared before Judge Crocker for modification of his original sentence. Prior to appellant's entry of his plea of guilty, the provisions of the Youth Corrections Act might have been explained to him by either his attorney or by Judge Crocker or by someone else. We have no way of determining this fact from the record as it now exists. Accordingly, this case is reversed for the aforementioned reasons and remanded to the District Court for a hearing to determine whether or not appellant was aware of the range of possible punishments under the Youth Corrections Act at the time of entering his plea so as to arrive at a determination of the voluntariness of his plea of guilty. If the Court finds that appellant fully understood the consequences of his plea of guilty, then his sentence should stand. If the Court finds that appellant was not cognizant of the full range of sentences possible under the Youth Corrections Act, then he should be afforded an opportunity to withdraw his plea of guilty, pursuant to Rule 32(d) of the Federal Rules of Criminal Procedure or be afforded such other relief as the Court below may deem proper under the provisions of 28 U.S.C.A. § 2255 (1948).

As was expressed by the Fourth Circuit in Pilkington v. United States, 315 F.2d 204, at p. 210 (4th Cir. 1963), "District judges in this circuit are strongly urged to explain the sentencing possibilities presented by the Federal Youth Corrections Act before finally accepting guilty pleas from youthful defendants and passing sentence under that Act. We recognize the practical inconvenience: the judge may not always know the defendant's age and elibibility when a plea is first tendered. But before the judge imposes a sentence upon a plea of guilty that may exceed the statutory limit applicable to an adult for the same offense, it is imperative that the youthful defendant shall be aware of the range of sentences to which the plea exposes him. If he has pleaded in ignorance of the possibilities he should be permitted to withdraw his plea. Rule 11, which requires the judge to satisfy himself that a guilty plea is voluntary, cannot be interpreted to mean that anything less will suffice than a complete understanding of the possible sentence."

Reversed and remanded for further proceedings in accordance with this opinion.

### Supplemental Order

In view of the decision of the Court in Heiden v. United States, No. 19,536, November 2, 1965, the mandate herein is modified to provide as follows: The order appealed from is reversed and the cause is remanded with directions that unless it appears from the transcript of the hearings on arraignment and sentencing that Rule 11, Fed.R.Crim.P., was complied with, the judgment of conviction and sentence shall be vacated, and defendant shall be permitted to withdraw his plea of guilty and plead anew to the indictment returned April 11, 1960.