**James V. RINI, Plaintiff-Appellant,**

v.

**Nicholas KATZENBACH, United States Attorney General, Defendant-Appellee.**

**No. 15674.**

United States Court of Appeals Seventh Circuit.

March 6, 1967.

Raymond F. Drexler, Chicago, Ill., for appellant.

Edward V. Hanrahan, U. S. Atty., Roger J. Balla, Asst. U. S. Atty., Chicago, Ill., John Peter Lulinski, Asst. U. S. Atty., of counsel, for appellee.

Before HASTINGS, Chief Judge, and KNOCH and CUMMINGS, Circuit Judges.

CUMMINGS, Circuit Judge.

In July 1960, appellant James V. Rini pleaded guilty to an indictment for robbing a bank in Indiana in violation of Section 2113(a) and (d) of the Criminal Code (18 U.S.C. § 2113(a) and (d)). Rini received a 17-year federal sentence to run concurrently with sentences imposed upon him by the State of Illinois in nine 1957 and 1958 cases. 14 years of the state sentences then remained to be served. We are advised that the Indiana bank robbery occurred during petitioner's Illinois parole, causing its revocation. He is therefore still serving his state sentences in the Illinois penitentiary in Joliet.

Rini did not appeal from his federal sentence. However, in October 1965, he filed a motion under Section 2255 of the Judicial Code (28 U.S.C. § 2255) attacking his federal sentence. The gravamen of his motion was that he was arraigned, tried and sentenced on a plea of guilty under Rule 20 of the Federal Rules of Criminal Procedure without the benefit of counsel. The Government's response to Rini's motion was that he is not yet in federal custody, precluding any relief under Section 2255 of the Judicial Code. The District Court agreed and found that it lacked jurisdiction. Therefore, it denied the Section 2255 motion and the related habeas corpus petition for the production of Rini for the hearing of his motion. This appeal *in forma pauperis* followed, but the appeal does not question the propriety of the denial of the habeas corpus petition. After the District Court declined to do so, this Court appointed counsel to assist Rini in his appeal. Until then, he had been without counsel in the Section 2255 proceedings and in the 1960 District Court proceedings.

■ The Government argues that the District Court had no jurisdiction to determine Rini's claim for relief, on the ground that he is still in state custody under sentences imposed on him by the Criminal Court of Cook County rather than "in custody under sentence of a court established by Act of Congress" as required by Section 2255 of the Judicial Code.[1] It is true that Rini's motion for relief is on a mimeographed form provided for Section 2255 motions in the United States District Court for the Northern District of Illinois. However, the motion was prepared by Rini, who assertedly had only a third grade education, without the benefit of counsel. In the interest of justice, we shall treat the motion as one for a writ of error *coram nobis* under the All Writs Act (28 U.S.C. § 1651(a)). United States v. Morgan, 346 U.S. 502, 505, 74 S.Ct. 247, 98 L.Ed. 248; Williams v. United States, 310 F.2d 696, 698 (7th Cir. 1962); Thomas v.

---

1. Section 2255 of the Judicial Code (28 U.S.C. § 2255) provides in pertinent part: "A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence."

United States, 106 U.S.App.D.C. 234, 271 F.2d 500, 502–504 (1959).[2] It is immaterial that Rini has not yet begun to serve his federal sentence, for under our *Williams* case, *coram nobis* relief is available to prisoners detained in a state penal institution under a state conviction and concurrently serving a federal sentence. The consequences of denial of *coram nobis* relief here would be that after the Illinois sentences were served, Rini would be taken into federal custody to begin service of the unexpired part of his federal sentence. He would then have to spend additional time in prison while attacking the conviction through another Section 2255 motion, again alleging denial of counsel. In this situation, fairness and sound judicial administration require that the constitutionality of his federal sentence be considered by granting the *coram nobis* remedy before the expiration of the state sentences. Mathis v. United States, 369 F.2d 43, 48 (4th Cir. 1966); United States v. DeMario, 246 F.Supp. 786, 788 (E.D.Mich.1965).

Accordingly, we reach the question whether petitioner was entitled to counsel in the 1960 District Court proceedings that took place under Rule 20 of the Federal Rules of Criminal Procedure. At that time, Rule 20 provided:

"Transfer from the District for Plea and Sentence. A defendant arrested in a district other than that in which the indictment or information is pending against him may state in writing, after receiving a copy of the indictment or information, that he wishes to plead guilty or *nolo contendere*, to waive trial in the district in which the indictment or information is pending and to consent to disposition of the case in the district in which he was arrested, subject to the approval of the United States attorney for each district. Upon receipt of the defendant's statement and of the written approval of the United States attorneys, the clerk of the court in which the indictment or information is pending shall transmit the papers in the proceeding or certified copies thereof to the clerk of the court for the district in which the defendant is held and the prosecution shall continue in that district. If after the proceeding has been transferred the defendant pleads not guilty, the clerk shall return the papers to the court in which the prosecution was commenced and the proceeding shall be restored to the docket of that court. The defendant's statement shall not be used against him unless he was represented by counsel when it was made."

Rule 44 of the same Rules embodies the Sixth Amendment right to counsel and provided:

"Assignment of Counsel. If the defendant appears in court without counsel, the court shall advise him of his right to counsel and assign counsel to represent him at every stage of the proceeding unless he elects to proceed without counsel or is able to obtain counsel." [3]

In the present case, on June 27, 1960, Rini filed his consent to disposition in the Northern District of Illinois in lieu of the Northern District of Indiana. When the matter was called in the District Court for the Northern District of Illinois on July 26, 1960, the Assistant United States Attorney advised the Court that Rini had no lawyer. The District Judge responded as follows:

"Well, when he comes here on Rule 20 disposition, if he wants to do that, I will warn him in open court that I do not require a lawyer to be appointed if he is coming on Rule 20."

Petitioner asserts that from the foregoing remarks of the District Judge, petitioner understood that he had no

2. Applications for *habeas corpus* drawn by non-lawyers have also received a liberal construction. See Pembrook v. Wilson, 370 F.2d 37, 40, Note 5, and cases cited (9th Cir. 1966).

3. Effective July 1, 1966, Rules 20 and 44 were amended in certain respects that have no bearing on this appeal.

right to counsel and thereupon pleaded guilty to the bank robbery charge.

Under the Sixth Amendment and Rule 44 of the Federal Rules of Criminal Procedure, petitioner had a right to counsel to advise him whether he should enter a plea of guilty; a request for counsel was unnecessary. Rice v. Olson, 324 U.S. 786, 788–789, 65 S.Ct. 989, 89 L.Ed. 1367; Reed v. United States, 354 F.2d 227, 229 (5th Cir. 1965); see The Challenge of Crime in a Free Society (A Report by the President's Commission on Law Enforcement and Administration of Justice) (1967), pp. 135–136, 149–150. At the argument before us, the Government conceded that absent a knowing waiver, petitioner was entitled to counsel in the Rule 20 proceedings. This record does not indicate that petitioner knowingly waived counsel before pleading guilty in the District Court. Therefore, the judgment is vacated and the cause is remanded for a hearing to determine whether petitioner was denied his right to counsel.

The Court is indebted to Ray F. Drexler of the Illinois Bar for his able and conscientious representation as appointed counsel for petitioner.

Vacated, with directions.