**James V. RINI, Petitioner-Appellant,**

v.

**Nicholas DeB. KATZENBACH, Attorney General of the United States, Respondent-Appellee.**

**No. 16963.**

United States Court of Appeals Seventh Circuit.

Nov. 6, 1968.

Edward R. Burr, Chicago, Ill., for appellant.

Thomas A. Foran, U. S. Atty., Robert J. Breakstone, Asst. U. S. Atty., Chicago, Ill., for appellee, John Peter Lulinski, Michael B. Nash, Asst. U. S. Attys., of counsel.

Before CASTLE, Chief Judge, and HASTINGS and KERNER, Circuit Judges.

KERNER, Circuit Judge.

Petitioner Rini appeals from the denial of his motion under 28 U.S.C. § 2255, after a hearing was held on remand in accordance with this court's decision in Rini v. Katzenbach, 374 F.2d 836 (7th Cir. 1967). The purpose of the hearing on remand was to ascertain whether or not Rini was advised of his right to counsel and whether he knowingly waived that right. Id. at 839.

The facts, as developed by the hearing on remand, are more complete than those originally before this court. Rini was suspected by the Federal Bureau of Investigation (FBI) of being a participant in the armed robbery of the First State Savings and Loan Association at Gary, Indiana, on September 4, 1958.

Shortly after the robbery, he was imprisoned on unrelated state convictions in the Stateville Penitentiary near Joliet, Illinois. He previously had served three state sentences for armed robbery or burglary. These sentences were the results of approximately nine prior trials at which he had always been represented by counsel.

While in Stateville, Rini was visited on various occasions by FBI Special Agent Shanahan, alone or in the company of other agents. At the hearing on remand, Agent Shanahan testified that on each occasion, prior to commencing conversation with Rini, he warned Rini of his rights saying:

> I was introduced to Mr. Rini as a special agent of the FBI, and my name and then told Mr. Rini that I wanted to speak to him. He did not have to say anything to me or make any statements. If he did say anything to me, it could be used against him possibly in court. *He could have an attorney or consult with an attorney before he spoke to me.* [Emphasis added.]

Shanahan further testified that he explained to Rini the operation of Federal Rule of Criminal Procedure 20 whereby Rini could plead guilty in the Northern District of Illinois and the case would not be transferred to the Northern District of Indiana; but that if he did not plead guilty under Rule 20, it would be transferred.

At no time did Shanahan testify that he warned Rini of the right to counsel in connection with the Rule 20 proceedings nor did he ever advise him that counsel could be appointed for him if he could not afford to employ counsel of his own choice. Without benefit of counsel, Rini signed a plea of guilty under Rule 20 while in Stateville. Shanahan was the only witness who testified for the government at the hearing on remand.

On July 26, 1960, Rini was brought from Stateville to the district court on a writ of habeas corpus ad prosequendum. He appeared before the Honorable J. Sam Perry, without counsel. After the clerk announced the case, the following colloquy took place between the court and Mr. Monaghan, counsel for the government, *in Rini's presence* (Record on remand 77–78):

> The Court: Well, it is down here on a Rule 20?
>
> Mr. Monaghan: Yes.
>
> The Court: And what is the nature of the charge?
>
> Mr. Monaghan: Bank robbery. Savings & Loan Association, down in Indiana.
>
> The Court: *Well, when he comes here on Rule 20 disposition, if he wants to do that, I will warn him in open court that I do not require a lawyer to be appointed, if he is coming on Rule 20.*
>
> Speaking to the defendant, you have probably been informed, and if not now I inform you that no matter what you signed or promised or stated you are not required to go through with a Rule 20 plea unless you desire at this time. Under Rule 20 this court has no jurisdiction to dispose of your matter, to take any plea except a guilty plea. I cannot give you a contested trial, you cannot have a jury and a hearing here, and you could not waive a jury and have a hearing. I can only dispose of it under the rules of the court if you plead guilty. I know you have been informed of that but I am informing you of that now in the record, and you are now not required, no matter what you said, to go through the Rule 20. [Emphasis added.]

Thus, the court not only did not advise Rini of his right to counsel, it clearly indicated that counsel was not needed in a Rule 20 proceeding.

██ Moreover, Rini was never advised that he had the right to counsel during the sentencing hearing which immediately followed the judgment of conviction. Sentencing is a crucial point in the criminal process at which counsel should be present, if the right is not

waived. Mempa v. Rhay, 389 U.S. 128, 133–134, 88 S.Ct. 254, 19 L.Ed.2d 336 (1967). This is especially so where, as here, there is an attempt to withdraw the plea of guilty. Id. at 136, 88 S.Ct. 254. After the sentence here was pronounced, the following colloquy took place (Record 84):

> The Defendant: I will have nothing to live for.

> The Court: That is the only way to protect society against this type of violence. I give more probation probably than any other judge around, but that is the order.

> The defendant: *Your Honor, can I withdraw my plea of guilty?*

> The Court: No, no.

> The Defendant: Well, I might as well have a jury find me guilty, the same thing, because *I'm not getting no leniency with the cooperation I have given to the FBI, they don't mention those things.*

> Mr. Monaghan: If it please the Court, if we are going to get down to brass tacks—

> The Court: We are not going to bargain here. I have entered my sentence, and that's it. All right. [Emphasis added.]

The absence of counsel was crucial, not only because of the attempt to withdraw the plea, but because counsel could have more expertly and eloquently raised facts in mitigation which Rini unsuccessfully tried to bring to the court's attention.

■■ The government does not dispute that Rini was entitled to counsel at all crucial stages of the proceedings against him. That this right extended to the Rule 20 proceeding was the substance of our original holding. Rini v. Katzenbach, 374 F.2d at 838. The right also extended to the sentencing proceeding. Mempa v. Rhay, supra. While it is true that this trial took place in 1960, prior to the Supreme Court's important recent decisions regarding the right to counsel, the right has been held to be applicable retroactively. In McConnell v. Rhay, 393 U.S. 2, 89 S.Ct. 32, 21 L. Ed.2d 2 (Per Curiam, October 14, 1968) the court applied Mempa v. Rhay retroactively, holding (89 S.Ct. at):

> This Court's decisions on a criminal defendant's right to counsel at trial, Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799, 93 A.L.R. 2d 733 (1963), at certain arraignments, Hamilton v. State of Alabama, 368 U.S. 52, 82 S.Ct. 157, 7 L.Ed.2d 114 (1961), and on appeal, Douglas v. People of State of California, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963), have been applied retroactively. The right to counsel at sentencing is no different. As in these other cases, the right being asserted relates to "the integrity of the fact-finding process." Linkletter v. Walker, 381 U.S. 618, 639, 85 S.Ct. 1731, 14 L.Ed.2d 601 (1965); cf. Roberts v. Russell, 392 U.S. 293, 88 S.Ct. 1921, 20 L.Ed.2d 1100 (1968). As we said in Mempa, "the necessity for the aid of counsel in marshaling the facts, introducing evidence of mitigating circumstances and in general aiding and assisting the defendant to present his case as to sentence is apparent." 389 U.S. at 135, 88 S.Ct. at 257. The right to counsel at sentencing must, therefore, be treated like the right to counsel at other stages of adjudication.

See also Arsenault v. Commonwealth of Massachusetts, 393 U.S. 5, 89 S.Ct. 35, 21 L.Ed.2d 5 (Per Curiam, October 14, 1968).

■■ The only issue left for determination on remand was whether Rini knowingly waived his right to counsel. In order for there to be a knowing waiver, the government must show that Rini knew of his right to counsel at each critical stage in the proceedings. As this court held in Tobin v. United States, 402 F.2d 307 (7th Cir. October 29, 1968):

> In a criminal case, the defendant is entitled to be notified of his rights which include the assistance of coun-

sel at every critical stage of a criminal proceeding. Johnson v. Zerbst, 304 U.S. 458, 463, 58 S.Ct. 1019, 82 L.Ed. 1461, 146 A.L.R. 357; Gideon v. Wainwright, 372 U.S. 335, 343, 83 S.Ct. 792, 9 L.Ed.2d 799, 93 A.L.R.2d 733; Hamilton v. State of Alabama, 368 U.S. 52, 54, 82 S.Ct. 157, 7 L.Ed.2d 114, Rule 44(a), Federal Rules of Criminal Procedure.

A trial court must see to it that a defendant has the assistance of counsel unless he intelligently and understandingly waives the appointment of counsel. Spanbauer v. Burke, 7 Cir., 374 F.2d 67, cert. den. 389 U.S. 861, 88 S.Ct. 111, 19 L.Ed.2d 127 (1966); United States v. Barney, 371 F.2d 166, cert. den. 387 U.S. 945, 87 S.Ct. 2080, 18 L.Ed.2d 1333 (1966).

\*   \*   \*   \*   \*

It is clear in this case that the District Court failed to obtain any statement from Tobin that he did not desire appointed counsel at the trial or when he subsequently pled guilty.

We hold that Tobin did not intelligently and understandingly waive his right to counsel. The negative statement of the Judge at the time of arraignment—"You do not desire to have the court appoint an attorney for you" was not sufficient to tell the plaintiff that he had the right to have counsel appointed for him if he were indigent.

Starting with Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799, 93 A.L.R.2d 733 (1963), where Betts v. Brady, 316 U.S. 455, 62 S.Ct. 1252, 86 L.Ed. 1595 was overruled, the Supreme Court has repeatedly emphasized that the appointment of counsel is an absolute right, and that appointment of counsel for an indigent is required at every stage of a criminal proceeding where substantial rights of a defendant may be affected.

A waiver of counsel at the arraignment cannot be constitutionally construed as a waiver of counsel at the trial or at a subsequent plea of guilty.

Davis v. Holman, 5 Cir., 354 F.2d 773, 775–776.

So too, here. If there was any waiver at all, it was during the interrogations conducted by Agent Shanahan. Even on those occasions, we are reluctant to find a knowing waiver because Shanahan's testimony clearly shows that he never told Rini of his right to have counsel appointed prior to questioning.

■ The government contends that Rini knew of his right to counsel because he had been represented in approximately nine state criminal trials prior to this proceeding. However, there is no showing that counsel was appointed at any of these prior trials. More importantly, Rini had never previously entered a plea under Rule 20 and, was therefore, presumptively unfamiliar with his rights in such a proceeding. In view of this and the absence of other evidence *contra*, the court's statement in Rini's presence that counsel would not be required leaves no way in which to find a waiver here.

Since Rini was not afforded the right to counsel, his motion under 28 U.S.C. § 2255 should have been granted. Accordingly, the judgment on remand of the district court is reversed and the conviction and sentence are vacated. The cause is hereby remanded to the district court for the purpose of permitting Rini to enter a new plea. If a plea other than a plea of guilty under Rule 20 is entered, the case shall be transferred to the Northern District of Indiana. The district courts shall fully advise Rini of his rights and shall appoint counsel, if Rini so desires.

■ Counsel for Rini raised one other issue before this court. It was contended that the court below acted with impropriety and engaged in undue delay. We find no impropriety here. The question of delay is governed by 28 U.S.C. § 2243. That statute expresses Congress' policy that applications and motions under 28 U.S.C. §§ 2254 and 2255 shall be handled with all possible dispatch. We hold that the policy expressed by Congress is also applicable to hearings on

remand when the original proceeding before the district court was brought under §§ 2254 or 2255.

The court is indebted to Edward R. Burr of the Illinois Bar for his able and conscientious representation as appointed counsel for petitioner.

Reversed, with directions.