**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**William WRIGHT, Defendant-Appellant.
No. 16949.**

United States Court of Appeals
Seventh Circuit.

March 6, 1969.

Rehearing Denied April 10, 1969.

Edward A. Berman, Chicago, Ill., for appellant.

Richard E. Eagleton, U. S. Atty., Frank J. Violanti, Asst. U. S. Atty., Springfield, Ill., for appellee.

Before SWYGERT, FAIRCHILD and KERNER, Circuit Judges.

KERNER, Circuit Judge.

Defendant-appellant Wright appeals from a finding of guilty, without jury, of violation of Title 18 U.S.C. § 2113(a), (b), (d) bank robbery, and a sentence of ten years on counts 1 and 2, fifteen years on count 3 and five years on count 4, the sentences to be served concurrently. Wright, one of the six defendants, was charged with four counts of armed robbery of the Land of Lincoln Bank, Springfield, Illinois, and with conspiracy to rob the bank on July 14, 1967.

In the presence of counsel of his own selection, Wright pleaded not guilty on November 14, 1967. On December 5,

1967, arguments on motions attacking the indictment and for discovery were heard at which Wright was represented by counsel. Again on December 13, 1967, Wright's motion to suppress evidence was heard and testimony of government witnesses was taken as to evidence of probable cause to arrest Wright for the armed robbery. Defendant and his counsel were present and the testimony of Mrs. Wright, defendant's wife, was also taken. An additional hearing was held on January 31, 1968, concerning certain motions for discovery, and Wright was represented by counsel.

On February 1, 1968, Wright being present in court, with his counsel, withdrew his plea of not guilty as to counts 1, 2, 3 and 4. The Court informed defendant of the "possible penalties" and a colloquy with counsel followed in which Wright's counsel informed the Court that Wright had discussed the matter with him. There followed a three-way discussion, the prosecutor stating the counts and the possible maximum sentences, which were repeated by the Judge, and also inquiring of Wright whether he understood. Wright responded affirmatively. The Judge asked whether the plea was of his "own free volition," and the response was "Yes." The guilty plea was accepted. The prosecutor reviewed for the Court what the evidence would show, through the testimony of another defendant, that Wright participated in the robbery, used a gun and shared in the loot.

On February 19, 1968, while Wright and his counsel were present in open court, Judge Poos indicated he had received a letter from Wright which said in part: "I desire to withdraw my plea of guilty and enter a plea of not guilty. This decision is fully my own, and without knowledge of my attorney, Robert G. Heckenkamp."

Judge Poos reviewed all of the proceedings that had taken place. Wright stated he had witnesses "to prove I wasn't within 150 miles of this vicinity at the time. * * *" and that in light of the possible maximum sentence at his age, "I would die in the penitentiary, so, therefore, to take the easy way out, I decided to enter a plea of guilty, a fifteen year sentence. * * *"

The District Court denied the letter motion and entered a sentence of fifteen years in the custody of the Attorney General. Motion for appeal *in forma pauperis* was filed and allowed and counsel was appointed by this Court.

Wright alleges as errors: denial of effective assistance of counsel at the time of the hearing on the withdrawal of the guilty plea; abuse of the Court's discretion in denying his motion to withdraw the guilty plea and that defendant acted without understanding the charges against him.

During the entire proceedings before the District Court, Wright was represented by counsel of his own choosing. There is no evidence or inference upon which this Court may draw to find that counsel was inexperienced or incompetent. The transcript of proceedings before us of all motions and pleas of November 14, December 5 and 13, 1967, January 31, February 1 and 19, 1968, indicate the presence and participation of Wright's counsel on his behalf. No question of impropriety or violation of any constitutional right is alleged except as to the February 19 hearing on defendant's motion to withdraw his previous guilty plea.

The transcript of those proceedings shows that Wright indicated his understanding of his plea and the possible severity of sentences and voluntarily entered it. There is no question of promises or agreements involved, nor conferences concerning pleas, sentencing or probation being held.

It is true that Attorney Heckenkamp was taken by surprise because of the letter of his client and stated he did not have the "opportunity to visit Mr. Wright since the completion of that trial. I have not been over to talk to him, other than just a moment this morning." The decision to write the letter to Judge Poos was solely that of de-

fendant, without any copy of the letter or any notice to Heckenkamp, and Wright so stated to the Court.

■ It is well settled that defendants are entitled to counsel at all crucial stages of a criminal proceeding. Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799, 93 A.L.R.2d 733 (1963). There is no question that counsel is essential at time of sentencing. Mempa v. Rhay, 389 U.S. 128, 88 S.Ct. 254, 19 L.Ed.2d 336 (1967).

■ Defendant contends the Court erred in not appointing new counsel before denying the withdrawal of his plea of guilty. Attorney Heckenkamp was taken by surprise with the request for change of plea; however, he did not stand mute.

By his own admission Wright was fully apprised of the potential sentence that might be assessed and after indicating his understanding of this plea, voluntarily pleaded guilty. At the time of acceptance of his plea, the Court exercised every precaution.

At the time Wright wrote the letter to Judge Poos and at the hearing, he was concerned that the maximum sentence would be imposed as is indicated from his statement before the Court. He stated that if a thirty-year sentence was imposed, he would "die in the penitentiary." At this same hearing, Wright was asked by the Court whether he wished his lawyer to speak for him. Wright stated "[W]ell if he so desires." Heckenkamp responded reviewing Wright's family responsibilities, his age and probability of release; that Wright had been lawabiding for twelve years since his last offense and that a guilty plea would save the government the expense of trying him. The Court then enquired of Wright whether there was any reason why judgment should not be pronounced. Wright responded, "No." The Court enquired about defendant's age following which the prosecutor reviewed the maximum sentences and the Court entered sentences on each count,

the maximum of fifteen years, with each to run *concurrently*.

At each step of the proceedings, Heckenkamp represented his client's interests and at the hearing on motion to withdraw the guilty plea, was placed in a most unusual position. Wright had not informed him of the letter motion, yet the day of the hearing had conferred with him before appearing in court. Counsel still represented him as well as anyone in the same position could have done, having had no part in Wright's decision to change his plea, and not having been discharged as counsel. At this stage of the proceedings, the only additional assistance that might have been granted to Wright was for the Court to have advised him that he might have other counsel if he so desired. See Rini v. Katzenbach, 403 F.2d 697, 700–701 (7th Cir.1968).

Heckenkamp having zealously represented Wright at the hearing in mitigation, we find no prejudicial error.

■ Defendant Wright alleges the Court abused its discretion in denying defendant's motion to withdraw his plea of guilty. The withdrawal of a guilty plea is not an absolute right but is within the sound discretion of the trial court and will not be reversed except upon an abuse of that discretion. F.R.Crim.P. 11, 32(d), 18 U.S.C.A.

■ The record before us indicates that the other defendants before Judge Poos, who were indicted in the same bank robbery, all of whom had (at the time of the hearing in question) pleaded guilty except Charles Adams. The Court was more than usually aware of the government's evidence in the Land of Lincoln Bank robbery for which, among the others, Wright was also indicted. The record reveals the Court was advised on February 1, 1968, that a co-defendant, Manus Paoni, who pleaded guilty, identified Wright as a participant and that he was one of the gunmen, and that he shared in the bank loot. Paoni did testify in the Adams trial and

it is logical for the Court to believe he would have testified for the government in a trial of Wright. All of these facts being properly available to Judge Poos prior to his denial of the motion to withdraw, we do not find any abuse of judicial discretion in denying defendant's motion to withdraw his plea of guilty.

Defendant's third allegation of error is that he acted without understanding the charges and acted as a result of mistake. This Court finds it impossible to believe Wright acted under any misunderstanding or mistake. The record before us and excerpts above indicate Wright had on two separate appearances before the Court, accompanied by his counsel, been informed of the charges against him and the severity of the sentences. On each occasion he verified his understanding of the charges and the possible sentences. United States v. Jackson, 390 F.2d 130, 133 (7th Cir. 1968).

The judgment of the District Court is affirmed.

Affirmed.