**Michael J. SCHELL, Petitioner-Appellant,**

v.

**UNITED STATES of America, Respondent-Appellee.**

**No. 17039.**

United States Court of Appeals, Seventh Circuit.

March 5, 1970.

Ross Tyrrell, Chicago, Ill., Michael J. Schell, in pro. per., for appellant.

Thomas A. Foran, U. S. Atty., Michael B. Nash, John Peter Lulinski, David M. Hartigan, Asst. U. S. Attys., Chicago, Ill., for appellee.

Before KNOCH, Senior Circuit Judge, FAIRCHILD and KERNER, Circuit Judges.

FAIRCHILD, *Circuit Judge.*

Michael J. Schell, age 20, was convicted in 1964 of a Dyer Act violation and was sentenced under the youth corrections act. He will apparently be kept in custody until the end of the six year maximum. His conviction rests upon a plea of guilty. He was not represented by counsel.

This is an appeal from denial of a motion under 28 U.S.C. § 2255. Schell's motion claimed in substance that at the time of the plea upon which he was found guilty, he was told that the maximum term of imprisonment was five years, but his sentence was actually for six.

At arraignment in March, 1964, Schell stated he did not have an attorney and wanted to plead guilty. The court questioned him concerning his understanding of the charge, informed him of his right to counsel before entering a plea, and told him that if he could not afford to em-

ploy counsel the court would appoint someone to confer with him. The court told Schell that he could be sent to the penitentiary for as long as five years and could be fined as much as $5,000 or both. Schell said he preferred to go ahead without an attorney. He pled guilty. The court found him guilty, ordered a presentence investigation, and ordered him released on his own recognizance.

There were several continuances and Schell appeared for sentencing September 15, 1964. Apparently he had been on an informal probation arrangement, had not lived up to all the directions of the probation officer, and had left the district for a time without notifying the probation officer.

The judge had the presentence report before him, including information on Schell's behavior since March. He had decided that confinement would be required and that sentencing under the youth corrections act would be best. He realized that he had not informed Schell in March that such sentencing was a possible consequence of a plea of guilty.

At the September hearing, the judge told Schell of the judge's decision that confinement was necessary and explained that if sentenced under the youth corrections act Schell must be conditionally discharged at or before four years and finally discharged at or before six years. The judge told Schell, "you have the right to change your mind about this plea of guilty that you have already entered". The judge did not refer to the matter of counsel except to remind Schell that when he pled guilty in March, [you]

"told me at that time that you did not need the services of an attorney, that you fully understood what these proceedings were".

Schell indicated, in response to a question by the judge, that the further explanation had not changed his mind about whether to plead guilty or not.

It is apparent that if the court had sentenced Schell under the youth corrections act with no further explanation than he gave in March, the *Pilkington* rule would have entitled Schell to a hearing if he made a claim that he relied on the five year maximum when he pled guilty and would have entitled him to withdraw his plea if it appeared he so relied.[1]

The district court in September sought to avoid the *Pilkington* situation by giving Schell appropriate information concerning the youth corrections act and an opportunity to withdraw his plea. If Schell's declination of the offer be viewed as a reaffirmation of his guilty plea after full understanding and if his express waiver of counsel in March be given continuing effect in September, the conviction would have no defect.

Schell's counsel, appointed for this appeal, argues that 20 year old Schell, with meager education, could not have comprehended the maneuver of withdrawal of his earlier plea, nor the possibility of really starting over again as if he had never entered it; that he needed counsel, and did not intelligently waive counsel.

■ There was no express waiver of counsel at the September 15 hearing.[2]

1. Pilkington v. United States (4th Cir., 1963), 315 F.2d 204. See Marvel v. United States (1965), 380 U.S. 262, 85 S.Ct. 953, 13 L.Ed.2d 960 vacating the judgment in 335 F.2d 101 (1964); Workman v. United States (1st Cir., 1964), 337 F.2d 226 (going a step beyond *Pilkington*); Williams v. United States (E.D. Ky., 1964), 231 F.Supp. 382; United States v. DeMario (E.D.Mich., 1965), 246 F.Supp. 786; Rowe v. United States (W.D.Wis., 1964), 227 F.Supp. 666; Kotz v. United States (8th Cir., 1965), 353 F.2d 312; Freeman v. United States (9th Cir., 1965), 350 F.2d 940; King v. United States (10th Cir., 1965), 346 F.2d 159; Carter v. United States, 113 U.S. App.D.C. 123 (1962), 306 F.2d 283; U.S. Attorneys' Bulletin, vol. 12, p. 139, March 20, 1964.

2. Sentencing is a "crucial stage" in the criminal process at which counsel should be present if the right is not waived. United States v. Wright (7th Cir., 1969), 407 F.2d 952, 954; Rini v. Katzenbach (7th Cir., 1968), 403 F.2d 697.

Even at the March hearing there had been no "penetrating and comprehensive examination of all the circumstances under which * * * a plea is tendered."[3] The value of representation at the time of sentencing is significant[4] and one who pleads guilty without counsel may be unaware of such value.

■ We conclude that under all the circumstances—the youth and inexperience of Schell, the lapse of six months between the two hearings, the change in posture of the case due to the events in the interim and due to questions as to the validity of the March plea —the express waiver of counsel in March should not be deemed effective in September. It follows that the conviction and sentence must be set aside. Schell should be called upon to plead anew. If found not guilty, he should be discharged from custody for that reason. If again found guilty, he should nevertheless be ordered discharged from custody because he has already been confined longer than five years and because of the questions which would arise concerning sentencing him at this date under the youth corrections act.[5]

The order denying relief on motion under 28 U.S.C. § 2255 is reversed and the cause is remanded for further proceedings consistent with this opinion.

The court gratefully commends Ross Tyrrell, a member of the Chicago bar, for his devoted efforts as court appointed counsel.

KNOCH, Senior Circuit Judge (dissenting).

At the hearing on March 11, 1964, the Trial Judge made defendant's right to counsel abundantly clear. There was an express and repeated waiver. The Court's reminder on September 15, 1964, should have been sufficient to alert the defendant to his rights. I am inclined to believe that the majority's emphasis on the defendant's youth and inexperience is misplaced. Although only twenty years of age, the defendant did have some experience of the practical world and of making his own decisions. He frankly told the District Judge that he had left this jurisdiction and gone to Topeka, Kansas without seeking the advice or consent of the probation officer because he thought that the latter would not have approved of the job defendant had taken working in a bar. The colloquies as a whole between the Judge and the defendant must have satisfied the Trial Judge, as they do me, that defendant did make an intelligent waiver of counsel on both occasions. I would affirm.

3. See Spanbauer v. Burke (7th Cir., 1966), 374 F.2d 67, 68, cert. den. 389 U.S. 861, 88 S.Ct. 111, 19 L.Ed.2d 127.

4. The ABA Project on Minimum Standards for Criminal Justice, Standards Relating to Sentencing Alternatives and Procedures, Approved Draft (1968) p. 245; Report of the Conference on Legal Manpower Needs of Criminal Law, 41 F.R.D. 389, 402 (1966); Newman, Conviction: The Determination of Guilt or Innocence Without Trial 209 (1966); Steele, Counsel Can Count in Federal Sentencing, 56 A.B.A.J. 37 (1970); Kuh, Book Review, 82 Harv.L.Rev. 497 (1968); and Note, 45 Minn.L.Rev. 803, 806 (1961).

5. 18 U.S.C. § 5006(e) defines "youth offender" as "a person under the age of twenty-two years at the time of conviction", i. e., when the verdict is returned or plea of guilty is entered. United States v. Carter (D.D.C., 1964), 225 F. Supp. 566. 18 U.S.C. § 4209 (young adult offenders) allows for sentencing under the youth corrections act of a defendant who has not attained his twenty-sixth birthday at the time of his conviction if the court finds the defendant "will benefit from the treatment provided under the Federal Youth Corrections Act." See Standley v. United States (9th Cir., 1963), 318 F.2d 700, cert. den. 376 U.S. 917, 84 S.Ct. 673, 11 L.Ed.2d 613.