Richard Wayne CUNNINGHAM, Petitioner-Appellant,

v.

UNITED STATES of America, Respondent-Appellee.

No. 26317.

United States Court of Appeals, Ninth Circuit.

May 4, 1972.

Richard Wayne Cunningham, pro se.

N. Warner Lee, Asst. U. S. Atty. (argued), Richard K. Burke and William C. Smitherman, U. S. Attys., Phoenix, Ariz., for respondent-appellee.

Before KOELSCH, DUNIWAY and HUFSTEDLER, Circuit Judges.

DUNIWAY, Circuit Judge:

Cunningham pled guilty in December, 1964, to a violation of the Dyer Act, 18 U.S.C. § 2312. He was sentenced under the Federal Youth Corrections Act, 18 U.S.C. §§ 5010(b), 5017(c). Several years later he filed a motion under 28 U.S.C. § 2255 to set aside the conviction, claiming that the trial judge had failed to comply with Rule 11, F.R.Crim.P., in accepting the plea of guilty. The court denied his motion. We affirm.

1. *Whether the appeal is moot.*

The government suggests that the appeal has been mooted by reason of Cunningham's unconditional discharge because, under 18 U.S.C. § 5017(c), the conviction has been set aside. A supplement to the record shows that Cunningham was unconditionally discharged after having served the maximum sentence that can be imposed under Section 5017(c). Consequently, his conviction has not been set aside under the provisions of Section 5021(a), and the appeal is not moot.

2. *Whether the trial court complied with Rule 11.*

Appellant contends that the trial court failed to comply with Rule 11, F.R.Crim.P. because it did not tell him, or ascertain that he already knew, the range of allowable punishments to which the plea subjected him. On December 14, in response to the court's questions

when the guilty plea was accepted, Cunningham stated that he "realize[d] what the consequence of his change of plea" was, and that he had "knowledge of the possible penalty that the court [might] impose upon" him. Government counsel then made the following statement:

"For the purpose of the record, I would like to advise you that the Court has within its discretion to impose a penalty up to five years imprisonment, and/or a fine up to $5,000 under Title 18 U.S. Code Section 2312. And also further the Court has the discretion to handle you under the Federal Youth Corrections Act at its own discretion."

On December 28, 1970, appellant made another appearance for imposition of sentence, and the following exchange occurred:

"MR. ZALUT: [government counsel] And you are aware that there are two possible penalties, one under the Dyer Act, Title 18 United States Code Section 2312, whereby you might be sentenced to a possible term of five years imprisonment, and/or possible fine of $5,000, is that correct, sir?

MR. CUNNINGHAM: Yes, sir.

MR. ZALUT: And you have also been informed, and discussed with your counsel the possibility that you might be sentenced under the Federal Youth Corrections Act, whereby there is a possible term of incarceration for a maximum period of four years, and also for a possible period of supervision for a maximum term of two years, is that correct, sir?

MR. CUNNINGHAM: Yes, sir, it is.

MR. ZALUT: And you are still at this time standing upon your plea of Guilty to the charge as you have entered before, is that right, sir?

MR. CUNNINGHAM: Yes, it is."

a. *Whether the explanations of December 14th and December 28th, taken together, were adequate.*

The explanation at Cunningham's December 28th appearance informed him, in substance, that his maximum sentence could be six years. The six-year maximum was not mentioned *eo nomine*, but it can be reasonably assumed that appellant could add four years possible incarceration to two years possible supervision to get a total possible sentence of six years. The explanation thus complies with the rule established by this court in Freeman v. United States, 9 Cir., 1965, 350 F.2d 940, 942. Cunningham relies heavily on *Freeman* and on Pilkington v. United States, 4 Cir., 1963, 315 F.2d 204. But the facts of both those cases differ from Cunningham's. In *Freeman* the trial judge stated that the *total* maximum sentence under the Federal Youth Corrections Act was four years. In *Pilkington* the trial judge's only reference to the possibility of a six-year sentence occurred after the judge had already imposed sentence. Thus, in those two cases the defendants were misled in a way that appellant was not.

But this does not end the matter. Cunningham argues that the district court violated Rule 11 by failing to point out explicitly that he might be recommitted to confinement under 18 U.S.C. § 5020 after he had been given a conditional release under supervision. The only case that appears to have addressed this question is Johnson v. United States, 4 Cir., 1967, 374 F.2d 966. There, under similar facts, the court held that the explanation was "barely sufficient to enable the district judge to determine voluntariness" under Rule 11. *Id.* at 967. The court concluded that "[c]ertainly nothing less would suffice, and it would have been far better to have flatly told Johnson that he might be confined for as long as six years." *Id.* We agree with the *Johnson* court.

b. *Whether the December 28th explanation cured the December 14th error.*

▮ At his December 14th appearance Cunningham was not told that under the Federal Youth Corrections Act the maximum term was six years. But at the December 28th appearance an ad-

**998**

equate explanation was given, and Cunningham stood on his plea. Thus, the question is whether for purposes of Rule 11 the explanation given on December 28th, rather than December 14th, can be treated as satisfying the rule. The only case that adverts to this issue does not decide it. See Schell v. United States, 7 Cir., 1970, 423 F.2d 101, 102–103. However, the December 28th explanation did cure the error in the December 14th explanation. What happened satisfies Heiden v. United States, 9 Cir., 1965, 353 F.2d 53, where we held that the purpose of Rule 11 is to assure that facts surrounding a guilty plea appear of record. The record shows that, knowing the facts, Cunningham stood on his plea.

Affirmed.